OWEN, Appellant, vs. O'REILLY, Respondent.

1. Where a plaintiff, in a suit for wages, proves services, but fails to prove their value, an instruction that he cannot recover is erroneous, as he is entitled to a nominal sum at least.
2. Where the plaintiff, in a suit for wages, closes his case, having proved services, but not their *value*, but immediately afterwards offers to remedy the oversight, a court, in the exercise of its discretion, should permit him to do it.

*Appeal from St. Louis Law Commissioner's Court.*

Action for wages, begun before a justice. At the trial before a jury, upon appeal, the plaintiff introduced evidence tending to prove the services for which he claimed to recover, and

closed his case, without having proved the worth of the services, and thereupon the court instructed the jury that he could not recover. He then offered to remedy the omission by the testimony of witnesses present in court, but this the court refused to permit, whereupon he submitted to a nonsuit, with leave, and after an unsuccessful attempt to set the same aside, appealed to this court.

*R. S. MacDonald,* for appellant.

*Blennerhassett & Shreve,* for respondent.

RYLAND, Judge. The court below should have permitted the plaintiff to introduce his testimony in relation to the value of the services he had rendered the defendant. The instruction that the plaintiff cannot recover in this case, upon the proof made, was erroneous. He was entitled to recover nominal damages at least. This instruction, then, should have been refused.

It was not a proper exercise of judicial discretion to refuse the plaintiff in this case his motion for leave to introduce this testimony. It was clearly an omission—a mere oversight—and the court ought at once to have suffered him to correct it. (*Brown* v. *Burrus,* 8 Mo. Rep. 30.) See also, *Rucker* v. *Eddings,* (7 Mo. Rep. 118.)

There could have been no necessity to have forced the plaintiff to suffer a nonsuit, when the inadvertence committed by him was so easily remedied.

The courts should exercise their discretion soundly for the advancement of right, and lend always an *unwilling* ear to mere technical objections, either in pleading or practice.

The judgment is reversed, and the cause remanded ; the other judges concurring.