## M. L. MEACHAM ET AL. v. A. D. MOORE ET AL.

PRACTICE. *Introduction of evidence. Omission. Judicial discretion.*
　Refusal to permit plaintiffs in attachment to introduce their judgment against the defendant, which they omitted at the trial of a claimant's issue until after they announced the closing of their evidence, is such an exercise of discretion by the circuit judge as will cause a reversal of a judgment for the claimant.

APPEAL from the Circuit Court of Montgomery County.

Hon. C. H. CAMPBELL, Judge.

At the trial of the issue made upon the appellees' claim of property, which was seized under the appellants' attachment against Townsend & Martin, the plaintiffs, without introducing their judgment in attachment, announced that they had closed their evidence ; but when the claimants immediately, without any proof, stated that they also closed, and asked that the jury should be instructed to find in their favor, the plaintiffs asked leave to introduce the record of the judgment. This the court refused, and gave the charge. The verdict was accordingly for the claimants.

*J. B. H. Hemingway*, for the appellants.

Exercise of judicial discretion is subject to review where it affects the merits of the controversy. Powell Appel. Proc. 164, 398. Lord Campbell wisely says : " The discretion of a judge is the law of tyrants. It is always unknown ; it is different in different men ; it is casual, and depends on constitution, temper, and passion." Justice Campbell, in the case of *Allen* v. *Standifer*, 57 Miss. 612, said : " The spirit of modern and

enlightened jurisprudence is to administer justice. Regard is had for matters of substance rather than form in judicial proceedings. Courts are now regarded as existing for the enforcement of rights and the redress of wrongs, and not as places for the exhibition of professional cunning and judicial smartness." Legislation has also this liberal tendency, and provides for a fair trial upon the merits of the case.

*Sweatman & Trotter,* for the appellees.

Parties cannot experiment with the court by trusting to their opponent's evidence to make out their case, without suffering the consequences. Reopening the evidence was a matter of discretion, and the court's refusal cannot be assigned as error, unless it was a clear abuse of power. *Babcock* v. *Scott,* 1 How. 100 ; *Planters' Bank* v. *Walker,* 3 S. & M. 409 ; *Satterwhite* v. *Littlefield,* 13 S. & M. 302 ; *Powell* v. *Burrus,* 35 Miss. 605. The judgment should have been offered, in order that the court might consider its competency. As this matter now stands, the record, if admitted, might have resulted in the same verdict. It cannot be held that the court should stop the trial to enable the plaintiffs to hunt up their evidence, but they must have it in court.

CAMPBELL, C. J., delivered the opinion of the court.

Reluctant as we are to ·interfere with the exercise of the discretion of the courts whose proceedings are subject to our revision, we are constrained to hold that, upon the presentation made by this record, the appellants . should have been permitted to supplement their evidence by introducing the evidence of their judgment in attachment, which was necessary to maintain the issue between them and the claimants. The omission to introduce it before they announced the closing of their evidence, from whatever cause that omission occurred, should not have been made fatal to their cause, but they should have been allowed to supply the omission whenever it was discovered.

*Reversed and remanded.*