## Wytheville.

## COOPER v. NORFOLK SOUTHERN RAILROAD COMPANY.

### June 12, 1919.

### Absent, Burks, J.

1. DEMURRER TO THE EVIDENCE—*Time of Writing Out Demurrer.*—
In an action against a carrier for delay in delivery of goods
shipped, after all the evidence had been introduced, counsel
for defendant demurred to the evidence, and it was agreed by
counsel that the demurrer might be written out later, and the
plaintiff joined therein. After counsel for plaintiff had com-
menced his argument to the jury upon the measure of damages,
counsel for defendant observed that it was proper for him to
give the grounds of the demurrer to the evidence, and stated
them in writing, handing the statement of the grounds of the
demurrer both to counsel for plaintiff and to the court. Counsel
for plaintiff objected to the grounds of demurrer being stated,
but the court overruled the objection and counsel for plaintiff
excepted. Counsel for plaintiff argued the case as upon a
demurrer to the evidence. When the demurrer to the evidence
was written out counsel for plaintiff refused to sign the joinder
in demurrer, and the court ruled that he must sign it, so coun-
sel signed under protest. It is common practice among lawyers,
upon the announcement of a demurrer to the evidence, to agree
that it may be subsequently reduced to writing. And it is
not perceived that the plaintiff was prejudiced by that irregu-
larity in this instance, especially as defendant's counsel duly
delivered the grounds of demurrer in writing to counsel for the
plaintiff and to the court.

2. APPEAL AND ERROR—*Assignments of Error—Necessity of Assign-
ment.*—In the instant case, the demurrer to the evidence and
its incidents, though excepted to, was not assigned as error,
and therefore could not be considered on appeal.

3. AMENDMENTS—*Time of Amendment—Discharge of Jury—Case at
Bar.*—In an action against a carrier for delay in delivery of
potatoes consigned to the carrier, the declaration alleged that
defendant was bound to deliver the potatoes to the consignee
at the point of destination "not later than the 19th day of
July, 1917," and the breach assigned is that it did not deliver

10

the consignment until "the 20th day of July, 1917." Plaintiff thereupon proved a delivery on July 19th and rested. Subsequently, during the argument before the court on a demurrer to the evidence and after the jury had returned its verdict and been discharged, counsel for plaintiff asked the court for leave to amend the declaration by substituting July 16th for July 19th. The record did not show that the dates were inserted in the declaration by inadvertence or mistake.

*Held:* That it was then too late for the defendant to meet an essentially new case on an amended declaration by new evidence; and the court no longer possessed the power to control the situation. To such case the special enactment in respect to demurrers to the evidence applies. It empowers the court to permit "new evidence to be admitted, or a nonsuit to be taken until the jury retires from the box," but not afterwards. Pollard's Supp. 1916, p. 675.

4. AMENDMENTS—*Demurrer to the Evidence—Discharge of Jury—Pollard's Supp. 1916, p. 675.*—Trial courts are invested with broad powers in allowing amendments in the interest of justice, but they have no power to disregard the mandatory provision of Pollard's Supp, 1916, p. 675. In the instant case, if plaintiff's request to amend had been granted to avoid a hardship of his own making, a more serious mischief would have been imposed upon the defendant, who was free from fault. The jury had returned its verdict on the demurrer to the evidence under pleadings and evidence that plainly entitled the defendant to a judgment; yet the proposed amendment, if allowed, might have called for a different judgment in the then state of the case, when it was too late for the defendant to meet the new case by new evidence. The remedy of the plaintiff, on the other hand, was complete; he could have met a self-imposed dilemma of which he had *timely notice* either by motion to amend the pleadings or by suffering a non-suit before the jury retired. But he did neither, and by the express terms of the statute his motion came too late after the jury had retired.

Error to a judgment of the Circuit Court of Norfolk county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. Edward Cole*, for the plaintiff in error.

*Jas. G. Martin*, for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This action was brought by Cooper against the Norfolk Southern Railroad Company to recover damages for alleged delay in the carriage of 220 barrels of potatoes from Denny's station, in Norfolk county, to the city of New York.

The following are the material averments of the declaration: That on July 14, 1917, the plaintiff delivered to the defendant, a common carrier, the potatoes in question, of the value of $1,250, and received a bill of lading therefor, "and thereby it became and was its duty to promptly carry and deliver said shipment as perishable goods to the consignee in the city of New York, not later than July 19, 1917." And that the defendant negligently failed to deliver the potatoes until July 20, 1919; and by that delay occasioned loss and damage to the plaintiff to the amount of $400.

The case was tried upon the general issue before a jury, and the plaintiff to maintain the issue on his part introduced evidence that the potatoes were delivered to the defendant at Denny's station on July 14, 1917; that they were first grade and in first class order when delivered to the defendant; that good potatoes will become "slack" and settle down in the barrels from delay in transit, and decay. Plaintiff also proved that the consignee received the shipment of potatoes in New York on July 19, 1917, and that they were in bad order and "slack." That in regular course of transportation a shipment made from Denny, Virginia, on July 14, 1917, should have been delivered in New York city on the morning of July 16, 1917; that the market on pota-

toes in good condition on July 16, 1917, was from $5.00 to $5.50 per barrel, and on July 19, 1917, was from $3.50 to $4.00 per barrel. The bill of lading showed on its face that the shipment was made *"subject to delay."*

This being all the evidence in the case, the defendant demurred to the evidence, and assigned as grounds of demurrer: 1. That the evidence showed that the shipment arrived in due time as agreed and claimed, to-wit, on July 19, 1917. 2. The evidence did not show improper delay.

[1, 2] To a more perfect understanding of the occurrences at the trial, we shall set out, substantially, the order of the court of March 20, 1918. It recites that after all the evidence had been introduced, counsel for the defendant demurred to the evidence; and it was agreed by counsel that the demurrer might be written out later, and the plaintiff joined therein. Whereupon, counsel for the plaintiff had commenced his argument to the jury upon the measure of damages, when counsel for the defendant intervened with the observation that he thought it was proper for him to give the grounds of the demurrer to the evidence either orally or in writing, and he stated them in writing, handing the statement of the grounds of the demurrer both to counsel for the plaintiff and to the court. Thereupon counsel for the plaintiff objected to the grounds of demurrer being stated, but the court overruled the objection and counsel for the plaintiff excepted. Counsel for the plaintiff then proceeded with his argument as to the measure of damages, to which counsel for the defendant replied, and the plaintiff's counsel made his closing argument on the theory that the case stood on a demurrer to the evidence. The clerk then, in open court, prepared for the jury the form of verdict to be rendered on a demurrer to the evidence; and the jury retired to their room, and after some time returned into court and rendered the following verdict: "We, the jury, find for the plaintiff and assess his damages at $358.05, subject to the opinion of the court on the demurrer to the

evidence." "And thereafter the demurrer to the evidence was argued, and counsel for the plaintiff in the opening argument of counsel for defendant on the demurrer to the evidence, and as soon as it appeared from the argument that there was a variance between the declaration and the evidence, asked the court for leave to amend the declaration by changing the '19' of July in the declaration to the '16' of July, to which amendment the defendant objected. And the matter being argued, the court directed counsel to write out the demurrer to the evidence, which being written out, counsel for the plaintiff refused to sign the joinder in demurrer, and the court ruled that he must sign it; so counsel for the plaintiff signed said joinder under protest, and at the time excepted to the action of the court in ruling that he must sign said joinder. And said demurrer to the evidence and joinder therein were filed. And the further hearing of the case continued." At the June term, 1918, the court sustained the demurrer to the evidence, and rendered the judgment under review for the defendant.

It is common practice among lawyers, upon the announcement of a demurrer to the evidence, to agree that it may be subsequently reduced to writing. And it is not perceived that the plaintiff was prejudiced by that irregularity in this instance, especially as defendant's counsel duly delivered the grounds of demurrer in writing to counsel for the plaintiff and to the court. But, however that may be, the demurrer to the evidence and its incidents, though excepted to, is not assigned as error, and therefore does not demand further notice.

The errors assigned are:

"1. The court erred in not permitting the plaintiff to amend his declaration by changing the date from the 19th of July to the 16th of July to correspond with the proof.

"2. The court erred in *sustaining* the demurrer to the evidence."

[3] With respect to the first assignment, counsel for

plaintiff in error says: "If the defendant wished to take advantage of the variance between the date given in the declaration and the evidence as to the time the shipment should have arrived in regular course of transportation, it should have been done by an objection to the evidence on such ground at the time it was offered, or by motion to exclude the same after it had been introduced." This suggestion denotes a misapprehension of the situation. The defendant was confronted with no such necessity—indeed, it is a misconception to assume that the record presents a case of variance between the allegations of the declaration and the proof. On the contrary, there is complete coincidence between the pleading and evidence. The defendant was haled into court to answer the specific allegation that it was under contractual obligation to deliver the shipment of potatoes to a consignee in New York city "not later than the 19th day of July, 1917," and the breach assigned is that it did not deliver the consignment until "the 20th day of July, 1917," by reason of which delay it is averred that the plaintiff sustained the damage of which he complains. Plaintiff thereupon proved a delivery on July 19th and rested. And the defendant interposed a demurrer to the evidence, upon which, after argument, the jury returned a provisional verdict for the plaintiff and assessed his damages at $358.05. Subsequently, during the argument before the court on the demurrer to the evidence, counsel for the plaintiff, for the first time, asked the court for leave to amend the declaration by substituting July 16 for July 19. As observed, the learned judge of the circuit court adjourned the case over from March until June, at which time it entered final judgment sustaining the demurrer to the evidence.

Of the correctness of that judgment we entertain no doubt. The record does not show that these vitally important dates, the 19th and 20th of July, were inserted in the declaration by inadvertence or mistake, and the defendant had a right to rely and did rely upon them as a correct state-

ment of the case that it was called on to defend. Yet, with timely attention sharply drawn to defendant's contention with respect to the date of delivery, plaintiff's counsel made no request to amend his declaration until after the jury had returned its verdict on the demurrer to the evidence and been discharged. It was then too late for the defendant to meet an essentially new case on an amended declaration by new evidence; and the court no longer possessed the power to control the situation. To such case the special enactment in respect to demurrers to the evidence applies. It empowers the court to permit "new evidence to be admitted, or a non-suit to be taken until the jury retires from the bar," but not afterwards. 4 Va. Code, p. 675.

[4] It is true that our trial courts are invested with broad powers in allowing amendments in the interest of justice; but they have no power to disregard the mandatory provision of the special statute to which attention has been called. If the plaintiff's request had been granted to avoid a hardship of his own making, a more serious mischief would have been imposed upon the defendant, who was free from fault. The jury had returned its verdict on the demurrer to the evidence under pleadings and evidence that plainly entitled the defendant to a judgment; yet the proposed amendment, if allowed, might have called for a different judgment in the then state of the case, when it was too late for the defendant to meet the new case by new evidence.

The remedy of the plaintiff, on the other hand, was complete; he could have met a self-imposed dilemma of which he had *timely notice* either by motion to amend the pleadings or by suffering a non-suit before the jury retired. But he did neither, and by the express terms of the statute his motion came too late after the jury had retired.

Therefore, the judgment is without error and must be affirmed.

*Affirmed.*