## SWEET *v.* McEWEN.

### Opinion delivered October 13, 1919.

1. APPEAL AND ERROR—TESTIMONY ADDUCED, RECORD OF—SUFFICIENCY OF BILL OF EXCEPTIONS.—A bill of exceptions recited:

    "The plaintiff, to sustain the issues on her part, adduced evidence tending to prove" (then follows a statement of the facts shown by plaintiff's testimony).

    "The defendants, to sustain the issues in their behalf, adduced evidence tending to prove" (then follows a statement of the facts shown by defendant's testimony).

    "The plaintiff, in rebuttal, adduced evidence tending to prove" (then follows a statement of the facts shown by this testimony).

    "Thereupon, the court, at the request of the plaintiff, gave to the jury the following written instructions," etc.

    The certificate of the judge was attached to the effect that he was "the regular judge presiding during all said proceedings;" that the bill of exceptions was by him "examined and found to be a correct record thereof, is approved as such and is ordered to be filed."

    *Held,* these recitals show inferentially and by necessary implication that the bill of exceptions contains all the testimony, and is sufficient, on that ground.

2. APPEAL AND ERROR—FAILURE TO SET OUT ALL TESTIMONY IN ABSTRACT.—When appellant failed to set out all the testimony in his abstract, it will be presumed that instructions given by the court were justified by the testimony given, but this presumption will not prevent a reversal, if the instructions are fundamentally wrong and no state of facts can be assumed which would justify giving them.

3. CONTRACTS—BREACH OF CONTRACT OF EMPLOYMENT—FAILURE TO SEEK OTHER EMPLOYMENT—DAMAGES.—Where an employee is wrongfully discharged by his employer, his right to recover damages therefor is not defeated by his failure to seek other employment; such failure goes only in reduction of damages.

4. APPEAL AND ERROR—ERRONEOUS INSTRUCTION—DISCHARGE OF EMPLOYEE—OTHER EMPLOYMENT—CORRECT INSTRUCTION.—In an action by an employee against her employer for damages growing out of the latter's discharge of her in violation of their contract, an instruction that plaintiff can not recover if she did not use due diligence to secure other employment, whether her discharge was justified or not, is erroneous and prejudicial, and the error is not cured by the giving of a correct instruction in that issue.

5. APPEAL AND ERROR—BREACH OF CONTRACT OF EMPLOYMENT—SPECIFIC OBJECTION TO IMPROPER INSTRUCTION—MODIFICATION—GENERAL OBJECTION.—Plaintiff sued her employer for damages resulting from his wrongful discharge of her from the employment. Defendant requested an instruction that the burden was on the plaintiff to prove the contract sued on and that defendant discharged plaintiff without reasonable cause. Plaintiff objected specifically to this on the ground that the instruction improperly placed the burden of proof. Defendant then modified the request, and the court gave the instruction as modified to the effect that "the burden is upon the plaintiff to prove by a preponderance of the evidence the contract sued on and the breach thereof by the defendant." To this instruction plaintiff objected generally. *Held,* the specific objection was made to the original instruction, and when the request for instruction was modified and plaintiff again objected, it will be assumed that she had not changed the ground of her objection.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; reversed.

*Coleman & Gantt,* for appellant.

1. Instruction No. 2 given for defendant is fundamentally erroneous.

In no case can the defense of other employment operate to defeat entirely plaintiff's cause of action; plaintiff is at least entitled to nominal damages. 18 R. C. L. 528; 6 L. R. A. (N. S.) 99, note; 44 Pa. St. 99; 84 Am. Dec. 419; 58 Ark. 617-623; 9 *Id.* 194; 49 Ill. App. 304.

2. Instruction No. 6 asked by defendants states the correct rule, but because of the fundamental error in No.

2, the two instructions are in conflict. Mrs. Sweet was not required to seek employment anywhere except in Pine Bluff. 18 R. C. L. 529; 1 Labatt on Master & Servant, § 394; 26 Cyc. 1014.

2. There was error also in the 4th and 5th instructions for defendants. To justify a dismissal the disloyalty or unfaithfulness must have resulted in loss to defendant's business where plaintiff was employed 131 N. W. 521; 34 L. R. A. (N. S.) 1217 and note.

3. No. 7 for defendant is indefinite and No. 8 both erroneous and prejudicial. The breach of a contract is breaking or violating it. Cent. Dict. *verbum;* Bouvier Dict., ''Breach.'' The only way plaintiff could discharge the burden put on her of showing a breach of contract of employment was by showing she was wrongfully dismissed, as a rightful dismissal would have been no violation of the contract. 26 Cyc. 1006; 18 R. C. L. 516; 177 S. W. 718; 37 S. E. 64; 48 *Id.* 646.

The burden was on defendant to show that plaintiff was rightfully discharged after her employment. 72 S. E. 795; 52 *Id.* 207; 75 S. E. 604; 1 Elliott on Ev., § 132; 94 S. W. 577; 114 *Id.* 577; 150 *Id.* 984; 115 N. W. 48; 152 *Id.* 535; 27 N. E. 406; 58 Ark. 617; 6 L. R. A. (N. S.) 81.

4. It was error to submit to a jury matters about which there was no controversy. 183 S. W. 720; 183 *Id.* 553.

*Powell & Alexander,* for appellee.

1. The appellant has not brought into his bill of exceptions all the evidence, nor in her abstract set out all the evidence. 59 Ark. 251; Rule 13, this court; 74 Ark. 551; 81 *Id.* 327; 101 *Id.* 555; 76 *Id.* 118.

2. There was no error in the instructions complained of. 87 Ark. 396; 93 *Id.* 589; 115 *Id.* 538; 131 *Id.* 487.

SMITH, J. · This is a suit for damages for breach of a contract of employment. It is undisputed that appellee McEwen, who is a merchant engaged in the millinery business in Pine Bluff, had employed Mrs. Sweet, the appellant, who is a milliner, for a period of one year

at a salary of $130 per month; and that he discharged her from the employment before the expiration of that time. The testimony is not abstracted further than the statement, by way of a summary of it, that appellant presented testimony amply sustaining her claim that she had performed the duties called for by her employment capably, efficiently and faithfully, and, after being discharged, made every reasonable effort to get other employment but without success; and that, on the other hand, appellee offered testimony which justified appellant's discharge.

Following this statement of the testimony, the instructions given and refused are set out and a reversal of the judgment is asked on account of instructions numbered 2 and 8, given at the request of appellee, over appellant's objection.

As the errors complained of are such as could be brought into the record only by a bill of exceptions, affirmance of the judgment below is asked upon the ground that the testimony is not fully abstracted and that the bill of exceptions does not show that there was no testimony other than that therein set out.

(1) The bill of exceptions recites:

"The plaintiff, to sustain the issues on her part, adduced evidence tending to prove (then follows a statement of the facts shown by plaintiff's testimony).

"The defendants, to sustain the issue in their behalf, adduced evidence tending to prove (then follows a statement of the facts shown by defendant's testimony).

"The plaintiff, in rebuttal, adduced evidence tending to prove (then follows a statement of the facts shown by this testimony).

"Thereupon, the court, at the request of the plaintiff, gave to the jury the following written instructions," etc.

The certificate of the circuit judge is to the effect that he was "the regular judge presiding during all said proceedings." That the bill of exceptions was by him "examined and found to be a correct record thereof, is approved as such and is ordered to be filed."

We think these recitals show inferentially and by necessary implication that the bill of exceptions contains all the testimony; and that is sufficient. *Simmons* v. *Lusk et al.,* 128 Ark. 336; *Warden* v. *Middleton,* 110 Ark. 215; *Abbott* v. *Kennedy,* 133 Ark. 105.

(2) No question is raised about the competency or sufficiency of the testimony to support the verdict, and as appellant's abstract does not purport to set out this testimony we will presume that if the instructions could be justified by any testimony whatever that such testimony was introduced. But that presumption will not prevent a reversal if the instructions are fundamentally wrong, and no state of facts can be assumed which would justify giving them.

We think both instructions 2 and 8 are erroneous and prejudicial.

(3-4) Instruction No. 2 reads as follows: "You are instructed that it is the duty of the plaintiff to use due diligence to find other similar employment after her discharge, whether you find that same was justified or not, and if you find from the evidence that she did not use diligence to find other similar employment the plaintiff can not recover."

The right of a wrongfully discharged employee to recover damages is not defeated by the failure to seek other employment; but such failure goes only to the reduction of the damages. The law of that subject was announced in the case of *Van Winkle* v. *Satterfield,* 58 Ark. 617, where it was said: "The burden of proof is on the employer to show that the servant might have obtained similar employment; for the failure of the servant to obtain other employment does not affect the right of action, but only goes in reduction of damages, and, if nothing else is shown, 'the servant is entitled to recover the contract price upon proving the employer's violation of the contract, and his own willingness to perform.' The fact that the servant might have obtained new employment does not constitute a defense. It is one of the facts to be considered in estimating the servant's loss."

It is pointed out by appellee that a correct instruction on this branch of the case was given. But that fact does not cure the error of giving an erroneous instruction in conflict therewith.

(5) Appellee requested the court to give the following instruction.. "8. You are instructed that the burden is upon the plaintiff to prove by a preponderance of the evidence the contract sued on herein and that the defendant discharged the plaintiff without reasonable cause."

Appellant objected to this instruction because it put on her the burden of showing that she had been wrongfully discharged; when the burden should be on appellee to show that she had been rightfully discharged. The appellee thereupon modified the instruction and requested it in the following form:

"8. You are instructed that the burden is upon the plaintiff to prove by a preponderance of the evidence the contract sued on and breach thereof by the defendant."

The court gave the instruction as modified over the objection of the appellant.

Appellee concedes that the instruction as originally asked was erroneous because his answer admitted the contract of hire and the dismissal, and the controlling question in the case was whether the dismissal was justifiable or not, and the burden of proof on that issue rested on appellee. But appellee says that the instruction meant only that the burden was on appellant to prove the contract of hire and the breach thereof by her discharge, whether rightful or wrongful, and that if appellant thought it meant more than that a specific objection should have been made. But the specific objection was made to the original instruction that it put on appellant the burden of showing that she had been wrongfully discharged, and when she objected to it in its modified form there was no reason to assume that she had changed the ground of her objection.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.