LANCASTER *v.* ARKANSAS LIME COMPANY.

Opinion delivered October 23, 1922.

1. TRIAL—REFUSAL TO REOPEN CASE.—In an action by an employee for salary due him on a breach of the contract of employment, in which the court stated to the jury that the only question involved was the wrongful discharge, the court's refusal to permit plaintiff, after testifying that he was wrongfully discharged, to be recalled to prove his damages, defendant having moved for verdict for want of proof of damages, was an abuse of discretion.

2. MASTER AND SERVANT—WRONGFUL DISCHARGE—PRESUMPTION AS TO DAMAGES.—In an employee's action for salary due on breach of his contract of employment, proof of his wrongful discharge before the expiration of his term makes a *prima facie* case entitling him to recover the stipulated salary, and the burden is on the employer to show, in reduction of damages, that similar employment might have been obtained by plaintiff.

Appeal from Izard Circuit Court, *J. B. Baker,* Judge; reversed.

*Ben B. Williamson* and *Hugh Willamson,* for appellant.

The court erred in directing a verdict, in effect holding that the burden was on appellant to show that he could not procure other work during the contract period, whereas the burden was on appellee to make this showing that similar employment could have been obtained. 58 Ark. 617; 61 N. Y. 362; 63 Barb. 177; 67 Me. 64; 19 Ark. 671.

The court erred in refusing to permit appellant to show that he had endeavored to obtain work. This, in view of the statement made by the court at the beginning of the trial that the only issue for trial was whether or not the discharge was wrongful.

*Elbert Godwin,* for appellee.

SMITH, J. Appellant, who was the plaintiff below, sued to recover balance of salary alleged to be due him upon a breach of his contract of employment.

After the selection of the jury the court made the following statement: "Gentlemen of the jury, this is an action for damages on an allegation of breach of contract for labor. The plaintiff alleges that the defendant employed him to operate a ferry, and contracted and agreed to pay him seventy dollars a month from the first of August to the end of the year, and that on the 13th day of September, 1920, the defendant discharged him. These allegations the defendants admit. Defendants admit that they employed him to operate the ferry and that they agreed to pay him seventy dollars a month from the first of August until the expiration of the year, and admit that they discharged him on the 13th day of September, but they deny that the discharge was wrongful. Now, the only question to be determined by you is whether or not the discharge was wrongful."

After this statement was made, the plaintiff offered testimony to the effect that he had been discharged without legal cause. After offering this testimony, plaintiff rested; whereupon counsel for the defendant moved the

court to direct a verdict for defendant upon the ground that plaintiff had not proved his allegation of damages. Counsel for plaintiff then asked permission to recall the plaintiff to prove this damage. Defendant's counsel objected to this being done, and, without sustaining the motion, the court permitted the defendant to offer its testimony, at the conclusion of which counsel for plaintiff again asked permission to recall the plaintiff to prove by him that, after his discharge, and from the time of his discharge, he sought to obtain other employment and failed to do so up to December 1, 1920.

This motion was overruled; and this appeal is from the judgment pronounced upon a verdict for defendant returned under the direction of the court.

The judgment must be reversed for two reasons. First, it was an abuse of discretion for the court to refuse to permit plaintiff to prove his inability to secure employment after the breach of the contract; and this is especially true, inasmuch as the court had stated to the jury, without objection from either party, that the only question to be determined was whether the discharge was wrongful.

A second reason for the reversal of the judgment is that plaintiff had made a *prima facie* case when he proved that his discharge was wrongful. In the case of *Van Winkle* v. *Satterfield*, 58 Ark. 617, it was said: "The burden of proof is on the employer to show that the servant might have obtained similar employment; for the failure of the servant to obtain other employment does not affect the right of action, but only goes in reduction of damages, and, if nothing else is shown, 'the servant is entitled to recover the contract price upon proving the employer's violation of the contract, and his own willingness to perform.' The fact that the servant might have obtained new employment does not constitute a defense. It is one of the facts to be considered in estimating the servant's loss. *Howard* v. *Daly*, 61 N. Y. 362; *Gillis* v. *Space*, 63 Barb. 177; *Costigan* v. *Railroad Co.*,

2 Denio 659; *Sutherland* v. *Wyer,* 67 Me. 64; 2 Sutherland on Damages, sec. 693; Wood on Master and Servant, p. 245.'' See, also, *Sweet* v. *McEwen,* 140 Ark. 162.

Appellee questions the sufficiency of the return of the sheriff upon the summons which issued out of this court. But there has been an *alias* summons and a correct and sufficient return thereon.

Appellee also contends that the bill of exceptions was not filed within the time limited by the trial court, and insists therefore that the judgment should be affirmed, as no error appears on the face of the record. But the return of the clerk of the court below in response to the writ of certiorari shows that the bill of exceptions was in fact filed within the time limited.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.