## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Sunrise Fruit Co.

v.

Chesapeake and Ohio Ry. Co.

April 24, 1969

Case No. 1129

By JUDGE ALEX H. SANDS, JR.

This case was tried by the Court without jury on March 12, 1969. At the conclusion of all of the evidence, the case was argued by counsel and the case submitted to the Court for decision. The Court thereupon gave its decision from the bench upon all issues involved in the case with the single exception of the question of whether, under the language of the bill of lading involved in this case, the defendant had accepted the cargo at point of origin as being in good condition. This was purely a question of law, and the Court offered counsel the opportunity to submit citations of authority upon this point. The Court at that time decided (a) that the evidence did not support a charge of negligence against defendant on the ground of unreasonable delay in transportation or delivery, (b) that the defendant was not chargeable with negligence because the shipment arrived on a weekend thus creating burdensome handling problems for plaintiff which would not have occurred on a nonweekend delivery, (c) that the defendant had failed to maintain the optimum temperature inside the car in question guaranteed under the terms of its bill of lading and (d) that plaintiff had sustained

a loss in some amount due to the overripe condition of a substantial part of the shipment upon its arrival at destination. The Court further pointed out at that time, however, that, under the evidence in the case, whether the failure of the defendant to maintain optimum temperature had any causal connection with the plaintiff's loss depended upon the condition that the tomatoes were in when shipped. The testimony was that all tomatoes when shipped from the distance here involved should be green at point of origin and that only if they were green when shipped were they in "good condition" at the point of origin of the shipment.

No motion to reopen and introduce additional evidence was made at the conclusion of the testimony, after argument or even after the Court had announced its decision subject to its ruling on the one point of law above mentioned. On March 26, some two weeks after the conclusion of the case, plaintiff moved for leave to reopen the case and introduce additional evidence. This motion should have first attention before considering the effect of the language of the bill of lading upon the question of liability.

### Motion to Reopen

The generally accepted rule appears to be that while it is discretionary with the Court to permit a party litigant to reopen his case after closing, for the purpose of introducing additional evidence, this discretion should be liberally exercised in favor of the litigant seeking to reopen. 88 C.J.S., *Trial*, § 104; 53 Am. Jur. § 123. Not only does Virginia follow this rule, *Laughlin* v. *Rose Admr.*, 200 Va. 127 (1958); *Johnson* v. *Goldberg*, 207 Va. 487 (1966), but the Virginia Supreme Court has held it to constitute reversible error where the trial Court refused to grant a motion to reopen for the purpose of introducing additional evidence in a proper case. *Fink* v. *Gas and Oil Co.*, 203 Va. 86 (1961).

The critical question presented is, of course, where is the line to be drawn. Clearly, there must be a cutoff point somewhere along the line or there would be no termination to litigation.

The latest Virginia cases dealing with the question all involve situations where the motion was made *during*

*the course of the trial when all parties* were present in Court. In *Laughlin* v. *Rose Admr.*, 200 Va. 127 (1958), one of the co-defendants, not represented by counsel, was permitted to take the witness stand after a motion to strike had been made by codefendant.

In *Fink* v. *Gas and Oil Co.*, 203 Va. 86 (1961), plaintiff, who through "oversight" had failed to put on a material witness, was permitted to call the witness (who was still in the courtroom) to the stand after defendant's motion to strike had been made and argued.

In *Johnson* v. *Goldberg*, 207 Ga. 487 (1966), the plaintiff was permitted to introduce additional testimony after defendant had made and argued a motion to strike plaintiff's evidence.

In each of these cases the motion was made during the trial and prior to any ruling by the Court. The fact that the Virginia Court of Appeals has refused to reopen and receive additional evidence *after* the Court sustained a demurrer to the evidence, *Lavenstein* v. *Maile*, 146 Va. 789 (1926), might be urged in support of the argument that the pronouncement of the Court of its ruling is the cutoff point. This ruling, however, was governed by the language of a statute then in existence, Sec. 6117 of the Virginia Code of 1923, which permitted a party litigant to withdraw his joinder in the demurrer and to introduce additional evidence at any time prior to time the jury retired. In an earlier decision, *Cooper* v. *Norfolk Southern R. Co.*, 125 Va. 73 (1919), decided under the forerunner of Sec. 6117 of the Code of 1923, the Court had already held that a motion to reopen came too late after the jury had retired. Where the demurrer to the evidence had been argued and sustained by the Court *but before* the case was submitted to the jury it was held that a party litigant should, on motion, be permitted to introduce additional evidence. *Virginia R. & P. Co.* v. *Gorsuch*, 120 Va. 655 (1917). Indeed it would seem that reopening at this stage would have been required by the language of the statute.

The Virginia Court of Appeals does not appear to have had before it the question of whether or not a motion to reopen comes too late after a Court, sitting without a jury, has announced its decision. In *Bertha Zinc Co.* v. *Martin*, 93 Va. 791 (1895), at page 809, the Court indicated that it would consider it error to reopen a case and allow

additional testimony from an expert witness after submission of the case, but as this expression was limited to expert testimony and since the Court held that the case was to be reversed upon other grounds the decision is of little help. While dictum, the Court does however say: "The question of allowing the introduction of evidence . . . after the case has been submitted to the jury rests in the sound discretion of the Court."

There is a plethora of authority in other jurisdictions dealing with the question of what constitutes an abuse of discretion on the part of a Court in permitting or in not permitting a litigant to introduce additional evidence after the close of a case. Some of the cases turn upon the language of a statute in the particular jurisdiction. See *McClure, et al.* v. *Connecticut Co.*, 67 A.2d 407 (Conn. 1949); *Gustin* v. *Dinsmore*, 14 So. 2d 741 (Ala. 1943).

In those jurisdictions where the question is not controlled by statute it appears that a Court is not justified in permitting the introduction of additional evidence after the case has been submitted where failure to produce the evidence at trial was due to the lack of diligence on the part of the party seeking such introduction. *Hamilton* v. *Kenton*, 45 P.2d 36 (Wash. 1935); *City of Mangum* v. *Brownlee*, 75 P.2d 174 (Okla. 1938).

Moreover, where oversight or surprise is the reason for the initial failure to produce the evidence, this fact should be set forth in the motion to reopen. *Seay* v. *So. Ry. Co.*, 37 S.E.2d 535 (S.C. 1946).

In the case at bar the plaintiff does not contend that the evidence as to the condition of the tomatoes at time of shipment was not introduced due to any oversight or inadvertence on the part of counsel. Plaintiff's reason for not having offered this evidence at trial is that the United States Department of Agriculture inspection certificate which embodied his desired proof could not be located and obtained by him prior to trial. It must be inferred from this that plaintiff knew at the time of trial that this evidence was vital but that he had not, up to the time of trial, been able to obtain it. His obvious remedy under the circumstances would have been a motion for continuance.

The Court finds no decision, nor has it been cited to any, where a motion to reopen a case for the purpose of introducing additional evidence has ever been granted under circumstances similar to those here existing.

Even were the proffered certificate admissible in evidence and even should the Court permit its introduction at this late date, defendant would certainly be entitled, upon motion, to have the opportunity to cross-examine the person executing the certificate or to take such further evidence as it might wish by way of rebuttal, and this would entail the retrying of the case. For these reasons, plaintiff's motion to reopen must be denied.

Plaintiff relies on the case of *Uneedo Home Appliance* v. *Long Island RR.*, 268 N.Y.S. 2d 731, but this case is no authority for plaintiff's position as to reopening of the case. In this case judgment was for the plaintiff who had failed to prove the condition of the goods at the point of origin or that they were received by the carrier in good condition. The Supreme Court reversed because plaintiff had failed to prove these essential elements for recovery, and the Court, in sending the matter back for new trial, remarked that (at the second trial) the Plaintiff should be permitted to prove good condition at the time of delivery. No question of reopening was apparently involved at all.

### Effect of Bill of Lading

This leaves for consideration the sufficiency of the language in the bill of lading to charge defendant with the condition of the tomatoes at the point of loading.

The bill of lading involved in this case (Plaintiff's Exhibit # 2), signed by defendant's agent, expressly acknowledges receipt of "the property described below, in apparent good order, except as noted (contents and condition of packages unknown). . . etc."

This language in the bill of lading should be sufficient to support the conclusion that the defendant by signing the bill of lading did not acknowledge that the shipment was received in good condition.

Even in the absence of this language, however, it is the generally accepted rule that acknowledgment by a carrier of receipt of a shipment in cartons is only

an acknowledgment as to the number of parcels and not as to the condition of the contents. The rule is thus stated in 9 Am. Jur. at page 679:

> Where goods received to be transported are in boxes or packages, and cannot be inspected, a bill of lading acknowledging that they are received in good condition is not evidence as to the actual condition of the goods, but merely as to the condition of the packages in which they are contained.

This section then, in referring to the effect of similar language to that of the bill of lading in the case at bar states:

> Thus no presumption that a boxed piano delivered to a carrier for transportation was in good condition can be raised by the fact that the shipping receipt recites that the goods were "in apparent good order, except as noted (contents and condition of packages unknown)."

## Conclusion

Since proof of the condition of the tomatoes at point of origin is vital to plaintiff's claim and since, in the absence of presumption of good condition by virtue of the language of the bill of lading, there is no evidence before the Court as to what the condition was at the point of origin, judgment must accordingly be for the defendant.