## CIRCUIT COURT OF HENRICO COUNTY

Tina M. McL. Radwani

v.

Harry Kyle Mabie

November 10, 1981

Case No. 81M92

By JUDGE E. BALLARD BAKER

This is a civil proceeding brought by Tina Marie McLane Radwani against Harry Kyle Mabie asserting that Mabie was under a legal duty to support her child, Brandi Michelle Radwani, born on May 8, 1973. The parties have never been married.

By letter of June 9, 1981, this Court held that a criminal charge of non-support in which Mabie was dismissed on April 29, 1974, for the reason "paternity was not proved", does not bar this proceeding. This Court also granted Radwani's request for a blood test on parties and the child under Section 20-61.2.

On October 1, 1981, the case was heard. Evidence included testimony from the parties, the defendant's mother, a deposition of Dr. Hossani and a report, dated July 10, from Dr. Hossani setting out the test results.

Radwani and Mabie both agreed that they dated regularly in 1971 and 1972. Radwani spoke of intercourse with Mabie on frequent occasions during this time, including the summer of 1972. She denies having

dated any other man over these months. Mabie admits intercourse with her in 1971 and 1972, including possibly August 1972. He denies the child is his. She claims it is.

Radwani relies on the blood tests and Dr. Hossani who did the blood grouping tests.

Seven tests were conducted with respect to red blood cells, these including ABO, MNSs, Rh, Duffy, Kell, Kidd and P, along with the HLA system on white blood cells. Dr. Hossani, Professor of Clinical Pathology, Director of the School of Blood Banking and Director of Family Blood Grouping and Immunogenetics at the Medical College of Virginia, reported and testified that these several tests do not exclude Mabie as the father, and that there is a "high probability" that he is the father. "High probability" was said to be 95% probability of paternity. (Depo. p. 10)

Radwani then sought to buttress this testimony by a percentage figure and, over objection, Dr. Hossani said the test results indicate probability of paternity at 99.14%. (Depo. p. 11) This computation was not made by Dr. Hossani, but came from the Baltimore Rh Laboratory. (Depo. p. 13). It appears that computations to determine probability are complicated and time-consuming and that Dr. Hossani's practice was to have percentages figured in this manner. (Deps. pp. 12, 13).

These tests can exclude a particular person from being the father; no one or combination can establish 100% that he is. The theory of the testing is that if enough different tests do not exclude paternity, there is a probability that the man is the father. The degree of probability depends on the number and nature of the tests, and the determination of an exact percentage is, as Dr. Hossani points out, a complicated process.

(An article "The Use of Blood Tests in Actions to Determine Paternity," 16 Wake Forest Law Review 591-606, comments on the individual exclusion rates of

seven of the eight tests used by Hossani at page 595-6.)

Defendant's objection to the exact percentage figure obtained by the Baltimore Laboratory is based on hearsay. This objection finds some support in Fink v. Higgins Oil, 203 Va. 86, where a letter from a consulting physician was held inadmissible when the treating doctor was asked to read it as a part of his testimony.

This Court, at the October 1 hearing, permitted the percentage calculation from the Baltimore Rh Laboratory to come in on the basis that the percentage was the result of a computer calculation made by a laboratory on which Dr. Hossani relied in his professional capacity. Further, due to the complexity of the calculation, without the use of this laboratory the cost of producing a definite percentage would be expensive to the extent that it would not be done. (Depo. p. 12).

Dr. Hossani's own opinion of 95% probability of paternity (Depo. p. 10) is not far from the 99.14% from the laboratory and is some assurance of its accuracy in this case.

As the Court reads Dr. Hossani's deposition, it does not appear that he based his opinion of "high probability" or "a ninety-five per-cent probability of paternity" on the results from the Baltimore Laboratory. (Depo. pp. 10, 13). For that reason, the rule expressed in Friend's Law of Evidence, Sect. 217 is not applicable.

This Court is also of the view that the nature of the report, the difficulty and the expense of obtaining the computer calculations, and the fact that Dr. Hossani relies on such results is sufficient to permit the introduction of the results as support for the unchallenged testimony by Dr. Hossani.

All the other evidence in this case is consistent with Mabie being the father. What Radwani says

and what Mabie says, added to Dr. Hossani's opinion, remove any reasonable doubt from the case. The Baltimore laboratory report is merely additional support.

This Court concludes that Mabie is the father of Brandi Michelle and is under a legal duty to support her.