COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


RICHARD A. GLEASON

                                         MEMORANDUM OPINION[*] BY
v.        Record No. 0420-09-4           CHIEF JUDGE WALTER S. FELTON, JR.
                                                  JUNE 29, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

Melinda L. VanLowe (Peter D. Greenspun; Greenspun, Shapiro,
Davis & Leary, P.C., on briefs), for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Richard A. Gleason ("appellant") was convicted by a jury of two counts of taking indecent

liberties with a child in violation of Code § 18.2-370 and one count of aggravated sexual battery in

violation of Code § 18.2-67.3.  On appeal, appellant contends the trial court erred in excluding

evidence under the rape shield statute, Code § 18.2-67.7, ruling that he failed to file a timely notice

pursuant to that statute.  He also contends the trial court erred in denying his motion for

continuance.[1]  For the following reasons, we disagree and affirm appellant's convictions.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court denied appellant's motion to strike the Commonwealth's evidence at the
end of its case-in-chief and his renewed motion to strike the Commonwealth's evidence after all
the evidence had been presented.  The trial court also denied appellant's motion for new trial
based on newly-discovered evidence.  This Court previously denied appellant's petition for
appeal on each of those questions presented.

I.

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below."  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

On July 21, 2008, appellant was indicted on two counts of taking indecent liberties with a child in violation of Code § 18.2-370 and one count of aggravated sexual battery in violation of Code § 18.2-67.3.[2]  On October 20, 2008, at the beginning of appellant's jury trial, the Commonwealth moved the trial court to prohibit appellant from presenting evidence related to the young victim's purported "prior sexual conduct."[3]  The Commonwealth asserted that appellant failed to timely file the required notice and motion for an evidentiary hearing pursuant to Code § 18.2-67.7 (the rape shield statute).[4]  It further asserted the evidence appellant proposed to

_____

[2] The evidence at trial proved that the crimes occurred between February 1 and November 30, 2007.  Appellant lived in the basement apartment of the house occupied by the victim, M.K., and her mother.  M.K.'s mother and appellant were romantically involved.  M.K., born March 11, 2000, was six or seven years old at the time the offenses occurred.  Appellant did not attempt to cover himself or turn away when M.K. entered his room and saw him naked on several occasions.  During one incident, appellant continued to expose his penis to M.K. while inviting her to touch it, which she did.  During another incident, appellant allowed M.K. to hold his partially erect penis.  Appellant also played "the pocket game" with M.K. where he had M.K. put her hand into the pocket of his pants and touch his penis through his pocket.  Appellant did not tell M.K.'s mother of the incidents involving M.K.  She first learned of those events from M.K.'s father.

[3] Appellant intended to offer as evidence a deposition of a friend of M.K.'s mother, Rapeesak Kesasuwan, who would be unavailable for the October 20, 2008 trial.  In that deposition, Kesasuwan described an incident where M.K. tried to pull down his pants in the summer of 2007. He also described other occasions where he witnessed M.K. touch her aunt's and her mother's breasts and buttocks.

[4] Code § 18.2-67.7 provides, in part:

> A.  In prosecutions under this article, or under § 18.2-370, 18.2-370.01, or 18.2-370.1, general reputation or opinion evidence of the complaining witness's unchaste character or prior sexual conduct shall not be admitted.  Unless the complaining witness voluntarily agrees otherwise, evidence of specific instances of his

- 2 -

introduce was not relevant to the charges in the indictment.  Responding to the Commonwealth's arguments, appellant's trial counsel stated, "Your Honor, we are required to have provided [the Commonwealth] with a written notice."  He asserted that he "provided notice" to the Commonwealth three months earlier in July 2008 when he notified the Commonwealth of his deposing of a witness who observed M.K.'s purported "prior sexual conduct," but who would be unavailable on the trial date.  Appellant also asserted the Commonwealth was put on notice by his September 22, 2008 motion for reconsideration of the trial court's denial of his discovery motion.[5]  Prior to the trial court's ruling on the Commonwealth's motion to exclude, appellant (apparently assuming that the trial court deemed the deposition notice insufficient to serve as the required rape

> or her prior sexual conduct shall be admitted only if it is relevant and is:
>
> $$* \quad * \quad * \quad * \quad * \quad * \quad *$$
>
> 3.  Evidence offered to rebut evidence of the complaining witness's prior sexual conduct introduced by the prosecution.
>
> B.  Nothing contained in this section shall prohibit the accused from presenting evidence relevant to show that the complaining witness had a motive to fabricate the charge against the accused.  If such evidence relates to the past sexual conduct of the complaining witness with a person other than the accused, it shall not be admitted and may not be referred to at any preliminary hearing or trial unless the party offering same files a written notice generally describing the evidence prior to the introduction of any evidence, or the opening statement of either counsel, whichever first occurs, at the preliminary hearing or trial at which the admission of the evidence may be sought.
>
> C.  Evidence described in subsections A and B of this section shall not be admitted and may not be referred to at any preliminary hearing or trial until the court first determines the admissibility of that evidence at an evidentiary hearing to be held before the evidence is introduced at such preliminary hearing or trial. . . .

[5] The trial court previously denied appellant's discovery requests to obtain M.K.'s counseling session notes and for an *in camera* inspection of tapes or videos of M.K.'s interviews with child protective services.

shield statute notice) then asked for a continuance to permit him to file the rape shield statute notice and to have an evidentiary hearing on the proposed prior sexual conduct evidence.

Prior to the trial court's ruling on his motion for continuance, appellant's attorney stated, "I do have a handwritten notice, albeit belatedly."[6] The Commonwealth responded that it did not know the specific acts and conduct about which appellant sought to admit evidence and that, therefore, it was not prepared on the morning of trial to challenge the relevance and admissibility of such evidence. The trial court denied appellant's rape shield motion because he failed to give notice to the Commonwealth. The trial court also denied appellant's motion for a continuance.

## II.

On appeal, appellant argues the trial court erred in excluding his evidence under the rape shield statute that the six or seven year old victim was "sexually curious." "A trial court's exercise of discretion to admit or exclude evidence will not be overturned on appeal unless the court abused its discretion." Sprouse v. Commonwealth, 53 Va. App. 488, 491, 673 S.E.2d 481, 482 (2009).

## A.

Appellant initially argues the rape shield statute is inapplicable because the evidence he sought to introduce was not prior sexual conduct as contemplated by that statute, and even if the evidence fell within the purview of the rape shield statute, he was not required to provide notice to the Commonwealth because the evidence was not offered to prove the victim had a motive to fabricate her allegations against appellant.

---

[6] The joint appendix does not contain any handwritten notice presented to the trial court. On February 5, 2009, after the jury found appellant guilty of the indicted charges, appellant's attorney filed a written notice "pursuant to [Code] § 18.2-67.7" indicating his intention to call witnesses at his sentencing hearing regarding "inappropriate" conduct and actions by the victim. The trial court denied that motion. That ruling is not before us on appeal.

Appellant did not raise these arguments to the trial court, and we will not consider an alternative argument raised for the first time on appeal.  See Rule 5A:18.

> The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.  The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice.  Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal.  Because our function is to review the rulings of the trial court, rather than superintend the proceedings, we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice.

Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).  Appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18.  See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  The Court will not consider Rule 5A:18 exceptions *sua sponte*.  Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

B.

In the alternative, appellant also contends that he provided the required rape shield statute notice to the Commonwealth in a handwritten notice he gave to the trial court at trial before the jury was impaneled.  He further asserts he provided sufficient notice of his intent to offer that evidence to the Commonwealth at various points during pretrial discovery.  While the rape shield statute does not prescribe a more detailed time frame for filing notice other than "prior to the introduction of any evidence, or the opening statement of either counsel," the record does not contain any written notice offered by appellant on or before the day of trial.  Code § 18.2-67.7(B).  The record on appeal is unclear whether the handwritten notice was ever filed

with the trial court. Moreover, the content of appellant's handwritten notice to which appellant referred is not discernable from the record.

Appellant failed to present a record on appeal from which we can determine whether the trial court was plainly wrong in finding that appellant did not meet the notice requirements as required by the rape shield statute. See Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (noting appellant bears burden of presenting a sufficient record upon which the Court of Appeals can determine that the trial court erred). From the record presented on appeal, we cannot conclude that the trial court erred in finding appellant failed to give the Commonwealth notice as required by the rape shield statute.

Furthermore, appellant's contention that the trial court erred in denying his motion for continuance on the morning of the scheduled jury trial to give him time to provide the required notice to the Commonwealth is moot, as he asserts he did give the required notice albeit by a handwritten notice which he did not make part of the record on appeal.

From the record before us, we cannot conclude that the trial court abused its discretion in denying appellant's motion for a continuance. See L.C.S. v. S.A.S., 19 Va. App. 709, 726, 453 S.E.2d 580, 589 (1995) (no abuse of discretion in denying request for continuance on day of hearing). At trial, as well as on appeal, appellant took inconsistent positions, arguing first that he was not required to provide notice, then arguing that if he was required to provide notice, he had provided the required notice in a handwritten note which is not contained in the record on appeal. Accordingly, from the record on appeal, we find that the trial court did not err in denying appellant's motion for a continuance.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.