Richmond

LOUIS O. JONES

v.

DIVISION OF CHILD SUPPORT ENFORCEMENT,

on behalf of BRENDA OWENS

No. 1643-93-2

Decided November 8, 1994

COUNSEL

Thomas L. Murphey (Beddow, Marley, Burgess and Murphey, on brief), for appellant.

Lynn S. Brice, Assistant Commonwealth's Attorney (Commonwealth's Attorney Office, on brief), for appellee.

OPINION

**BENTON, J.**—The circuit court judge found that Louis Jones is the father of two children born to Brenda Owens and ordered Jones to pay monthly child support. Jones contends that the circuit judge's decision must be reversed because the Division of

Child Support Enforcement is not a proper party to an appeal from an administrative order issued by the Department of Social Services.[1] He also contends that even if the Division is a proper party, the circuit court never acquired jurisdiction over the appeal from the juvenile and domestic relations district court because the notice of appeal was not signed by an attorney of the Division. For the reasons that follow, we reverse the judgment of the circuit court and dismiss the case.

## I.

According to the statement of facts, see Rule 5A:8(c), Owens sought the aid of the Division to obtain support from Jones for her two minor children. Jones denied paternity and signed a voluntary agreement authorizing paternity probability testing. The testing report indicated a probability of paternity of 99.994 percent for one child and a probability of paternity of 99.997 percent for the other.

The Division served Jones with an administrative support order directing him to pay $455 per month for the support of the two children. Following Jones's request for a hearing, an administrative hearing officer considered the matter and upheld the Division's order. Jones appealed that decision to the Juvenile and Domestic Relations District Court of Chesterfield County. See Code § 63.1-268.1. A judge of the juvenile court dismissed the case because the Division had not timely filed the blood test results in the juvenile court.

Wanda Journey, an employee of the Division, filed a notice of appeal from the ruling of the juvenile court to the Circuit Court of Chesterfield County. Citing Rule 7A:13, Jones filed a motion in the circuit court to dismiss the Division's appeal on the ground that the appeal was not perfected in accordance with the rule. The circuit court judge delayed a ruling on Jones's motion and proceeded to hear the evidence. Without ruling on the motion, the circuit court judge found that Jones was the biological father of

---

[1] The appeal was filed in this Court under the style *Louis Jones v. Division of Child Support Enforcement o/b/o Brenda Owens.* Therefore, this opinion shall refer to the appellee as the Division. The Division is, however, an entity within the Department of Social Services. Code § 63.1-249. Therefore, for the purposes of this opinion, the names, "the Division," "the Department," and "the Department of Social Services," are used interchangeably.

the children and ordered Jones to pay child support in the amount of $454.02 per month effective October 21, 1992, the date of the hearing officer's decision. Jones noted this appeal.

## II.

Jones contends that the Division is not a proper party to an appeal from an administrative case decision to the juvenile court. He argues that Chapter 13 of Title 63.1 of the Code permits the Division to act in a variety of administrative matters but not in a court proceeding such as occurred in this case.

■ We are guided in our analysis by the familiar principle that "[i]n construing a statute, we look first to its plain language." *Jennings v. Division of Crime Victims' Compensation*, 5 Va. App. 536, 538, 365 S.E.2d 241, 243 (1988). We read the plain language of Code § 63.1-250.2 to compel a conclusion contrary to the position urged by Jones.

The statute provides as follows:

The Department of Social Services shall make available to those individuals not receiving public assistance, upon receipt of an authorization to seek or enforce a support obligation the same support services provided to recipients of public assistance. These services may include, but are not limited to:

1. Locating absent parents to obtain child support;

2. Obtaining voluntary acknowledgements of paternity;

3. Establishing or modifying child support obligations, which may include a provision for health care coverage for dependent children of the obligor; and

4. Enforcing and collecting child support obligations; however, the only support in arrears which may be enforced by administrative action are: (i) arrearages accrued or accruing under a court order or decree; or (ii) arrearages on an administrative order accruing from the entry of such administrative order.

No individual shall be required to obtain support services from the Department prior to commencing a judicial pro-

ceeding to establish, modify, enforce or collect a child support obligation.

The State Board of Social Services shall charge a fee of one dollar upon application for services pursuant to this section. At the option of the Department, the fee may be paid by the Department on behalf of all applicants.

Code § 63.1-250.2.

In listing the services the Department is authorized to provide, the first paragraph of the statute states that the services "may include, but are not limited to" the enumerated services. Notwithstanding that broadly inclusive language, Jones argues that subparagraph four denies the Division the authority to be a party to a judicial action. He asserts that subparagraph four authorizes the Department to enforce and collect support only in "administrative actions."

Jones misapprehends the import of that section. Nothing in subparagraph four denies the Division the right to act as a party in court when an obligor appeals from an administrative agency case decision. Subparagraph four prevents the Division from taking administrative actions to enforce support payments that are in arrears unless the arrearages have accrued under a prior court or administrative order.

In this case, the Division sought to enforce the administrative order and to collect only the arrearages that accrued under the administrative order. *Cf.* Code § 63.1-250 (defining "administrative order" as "a noncourt-ordered legally enforceable support obligation having the force and effect of a support order established by the court"). The Division did nothing more than defend against Jones's appeal from the administrative order to the juvenile court and prosecute an appeal to the circuit court to uphold the administrative order. Those actions cannot be fairly characterized as enforcement of "support in arrears" in violation of subparagraph four. Although the circuit court ultimately did make an award of arrearages, that award was effective only from the date of the administrative order.

■ Jones also argues that the heading to Code § 63.1-250.2, "Administrative support remedies available for individuals not re-

ceiving public assistance; fees," compels a finding that the statute does not permit the Division to be a party to an appeal of a case decision to the juvenile court. It is well-settled, however, that the words of the statute, not its heading, carry the force of law. *Ritholz v. Commonwealth*, 184 Va. 339, 367, 35 S.E.2d 210, 223 (1945); *Good v. Commonwealth*, 155 Va. 996, 999-1000, 154 S.E. 477, 478 (1930). The heading of the statute "is purely a matter of informative convenience." *Id.* We must construe the body of the statute.

■ Given that Code § 63.1-250.2(4) is no bar to the Division being a party on Jones's appeal to the juvenile court, we look to the remainder of the statute to determine whether establishing or modifying child support is a matter within the Division's purview. Subparagraph three specifically provides that the Department may "[e]stablish[ ] or modify[ ] child support obligations." Code § 63.1-250.2. In addition, Code § 63.1-274.4 states that "any attorney for the Commonwealth is authorized to represent the Department in any civil or criminal proceeding necessary for the establishment, modification, enforcement, or collection of support obligations." These provisions clearly contemplate that the Department would be involved in establishing, modifying, and enforcing support obligations.

■ Jones argues further that Code § 63.1-251 is the exclusive authorization for the Department to act as a party in a judicial action. While we agree that Code § 63.1-251 authorizes the Department to petition the appropriate court to collect a debt that occurs as the result of payment of public assistance, nothing in that statute provides that, in all circumstances, Code § 63.1-251 is the exclusive authorization for the Department to seek judicial relief. By not limiting the services that the Department may provide and by authorizing the Department to enforce and collect child support obligations, Code § 63.1-250.2 gives the Department implicit authority to seek judicial enforcement of its administrative orders in a manner consistent with the proviso in subparagraph four.

Jones also argues that Code § 63.1-268.1 provides additional evidence that the Division is not a proper party to an appeal of an administrative case decision. Code § 63.1-268.1 provides that notice of appeal from a hearing officer's decision shall be sent to the Department if the Department is acting on behalf of a nonresident

obligee. Otherwise, that notice must be sent to the obligee. Jones argues that because the Department only gets notice by virtue of Code § 63.1-268.1 if the Department is acting on behalf of a nonresident (which Owens is not), the Department is a proper party to an appeal only if it is acting on behalf of a nonresident.

■ Again, a full reading of the statute compels a contrary conclusion. Nothing in Code § 63.1-268 states explicitly that the Department may not act on behalf of a resident obligee. An inference that the notice provision in the statute was intended to define, by omission, the scope of the Department's jurisdiction is, at best, strained. Moreover, Code § 63.1-268.1 also states that a "nonresident obligee for whom the Department is acting is not required to appear at the hearing." The legislature was clearly concerned that requiring a nonresident's presence at the hearing might be unduly burdensome on the nonresident. It is rational, therefore, for the notice of appeal to be sent to the Department because service on the nonresident might deprive the Department of prompt notification of an appeal. The legislature's concern for the protection of nonresidents does not require that we interpret as a converse legislative directive that only nonresidents may enjoy the assistance of the Department on appeal.

For the foregoing reasons, we conclude that the Division was not barred from acting on behalf of Owens and was a proper party to an appeal of the administrative case decision to the juvenile court.

### III.

Jones also contends that the Division did not perfect an appeal from the hearing officer's decision in accordance with the Rules of Court. The Division argues that the person who filed the notice of appeal was a "regular [and] bona fide employee" of the Division authorized by the Department to file the notice. It contends that the employee was a "designee or authorized representative" of the Commissioner as permitted by Code § 63.1-250.

■ Rule 8:20 governs the procedure for appealing from a judgment of the juvenile court. It provides as follows:

All appeals shall be noted in writing. An appeal is noted only upon timely receipt in the clerk's office of the writing.

An appeal may be noted by a party or by the attorney for such party.

Rule 8:20. Nothing in Rule 8:20 permits the notice of appeal to be filed by a person who is a "regular and bona fide employee" of the party. *Cf.* Rule 7A:13. The rule specifically refers to "a party" or "the attorney for such party." Rule 8:20.

█ Code § 16.1-232 provides that "[t]he attorney for the Commonwealth shall represent the Commonwealth in all cases appealed from the juvenile and domestic relations district court to the circuit court." The notice of appeal was not filed by the Division's attorney. Because the requirement of Rule 8:20 was not followed in filing the notice of appeal, the circuit court never acquired jurisdiction over the appeal from the juvenile court. *See Towler v. Commonwealth*, 216 Va. 533, 535, 221 S.E.2d 119, 121 (1976)("[d]ismissal will continue to be the price of failure to comply with mandatory rule provisions").

█ The Division contends, however, that because Jones argued before the circuit judge that Rule 7A:13, not Rule 8:20, deprived the circuit court of jurisdiction, Jones should not be heard in this appeal to complain of an error he did not articulate to the circuit judge. The law is well established that Rule 5A:18 may not be invoked to bar our consideration of an appeal which attacks the jurisdiction of the circuit court. *See Morrison v. Bestler*, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990). Jurisdiction of a court may be raised by any party, or by the court, at any time. *Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 22, 348 S.E.2d 13, 17 (1986).

## IV.

Because the circuit court was without jurisdiction to hear the appeal from the juvenile court, and because the time for noting an appeal from the juvenile court has now expired, we reverse the judgment of the circuit court and dismiss the case.

*Reversed and dismissed.*

Willis, J., and Elder, J., concurred.