COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


BEVERLY DANDRIDGE SPROUSE
                                                          OPINION BY
v.        Record No. 2515-07-2                   JUDGE ROBERT J. HUMPHREYS
                                                          MARCH 4, 2009
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF LOUISA COUNTY
                       Paul M. Peatross, Jr., Judge Designate

               (Steven Shareff, on brief), for appellant.  Appellant submitting on
               brief.

               Richard B. Smith, Special Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


       Beverly Dandridge Sprouse ("Sprouse") appeals his conviction for driving under the

influence, his third within ten years, in violation of Code § 18.2-266.  On appeal, Sprouse

contends that, because he was not arrested within three hours of the offense, the certificate of

analysis used to convict him was not admissible pursuant to Virginia's implied consent law.

Sprouse further contends that, absent the certificate of analysis, the evidence is insufficient to prove

that he drove under the influence of alcohol.  For the reasons that follow, we agree with Sprouse's

first contention and reverse the conviction.

                                     BACKGROUND

       On March 14, 2007, at approximately 2:00 a.m., Virginia State Trooper Calvin S.

Faudree ("Trooper Faudree") responded to an accident in Louisa County.  Arriving at the scene

after emergency personnel, Trooper Faudree "noticed a vehicle had run off the road . . . struck a

fence on the right shoulder . . . overturned several times and then struck a tree, all on the right-hand side of the road." He also observed tire tracks leaving the road itself.

At that time, Sprouse was already in the back of an ambulance. When questioned by Trooper Faudree, Sprouse admitted that he was the driver of the vehicle and that the accident occurred around 1:30 a.m. While in the ambulance, Trooper Faudree observed that Sprouse's eyes were bloodshot and that he had an odor of alcohol emanating from his person. At that point, Trooper Faudree asked Sprouse how much he had had to drink, to which he responded "one and a half beers." After administering a preliminary breath test, Trooper Faudree told Sprouse that he would follow the ambulance to the hospital where Sprouse would be charged with driving under the influence.

Sprouse was then transported to the hospital. Around 3:45 a.m., a nurse obtained a blood sample from Sprouse in the presence of Trooper Faudree. Once he obtained the sample, Trooper Faudree issued Sprouse a summons charging him with driving under the influence. Sprouse signed the summons, agreeing to appear in the general district court of Louisa County. At no point following the accident did Trooper Faudree indicate to Sprouse that he was under arrest. Trooper Faudree did not restrain or handcuff Sprouse, nor did he take Sprouse before a magistrate.

At trial, the Commonwealth offered as evidence a certificate of analysis indicating the results of Sprouse's blood test.[1] Sprouse objected to the introduction of the certificate of analysis on the grounds that, because he was not arrested within three hours of the alleged offense, the blood

---

[1] The certificate of analysis of the blood drawn from Sprouse showed an alcohol level of .12%.

test was not properly administered pursuant to Virginia's implied consent law. See Code

§ 18.2-268.2. The trial court found that there was an arrest and admitted the certificate of analysis.

Sprouse was convicted, and this appeal followed.

ANALYSIS

A. The Admissibility of the Certificate of Analysis

A trial court's exercise of discretion to admit or exclude evidence will not be overturned

on appeal unless the court abused its discretion. May v. Caruso, 264 Va. 358, 362, 568 S.E.2d

690, 692 (2002). However, a "trial court has no discretion to admit clearly inadmissible

evidence because 'admissibility of evidence depends not upon the discretion of the court but

upon sound legal principles.'" Norfolk & Western Ry. Co. v. Puryear, 250 Va. 559, 563, 463

S.E.2d 442, 444 (1995) (quoting Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823

(1986)). Furthermore, a trial court's interpretation of a statute is a question of law subject to *de

novo* review. Simon v. Forer, 265 Va. 483, 487, 578 S.E.2d 792, 794 (2003).

Virginia's implied consent statute, Code § 18.2-268.2(A), provides:

> Any person, whether licensed by Virginia or not, who operates a
> motor vehicle upon a highway, as defined in § 46.2-100, in the
> Commonwealth shall be deemed thereby, as a condition of such
> operation, to have consented to have samples of his blood, breath,
> or both blood and breath taken for a chemical test to determine the
> alcohol, drug, or both alcohol and drug content of his blood, *if he is
> arrested* for violation of § 18.2-266, 18.2-266.1, or subsection B of
> § 18.2-272 or of a similar ordinance within three hours of the
> alleged offense.

(Emphasis added).

In Virginia, a defendant's timely arrest for driving while intoxicated is a basic condition

underlying the implied consent statute. See Overbee v. Commonwealth, 227 Va. 238, 243, 315

S.E.2d 242, 244 (1984). Consequently, the Supreme Court of Virginia has held that if the arrest

requirements of implied consent are not satisfied, any certificate of analysis obtained pursuant to

Code § 18.2-268.2 is inadmissible at trial. Bristol v. Commonwealth, 272 Va. 568, 575, 636 S.E.2d 460, 464 (2006). In Bristol, the Supreme Court explained the arrest requirements of Code § 18.2-268.2:

> Under these provisions, a driver must be arrested within three hours of an offense before that driver may be required to submit to a breath or blood test. Because the driver's timely arrest triggers the statutory consent requirement, *the arrest must be completed before the driver may be required to take the test*.

Id. at 574-75, 636 S.E.2d at 464 (emphasis added).

Sprouse argues that the arrest requirements of Code § 18.2-268.2 were not satisfied in his case, because he was never actually arrested for the offense. Conversely, the Commonwealth argues that by signing the summons, Sprouse submitted to the officer's authority and was, therefore, arrested. See California v. Hodari D., 499 U.S. 621, 626 (1991) (holding that "[a]n arrest requires *either* physical force . . . *or*, where that is absent, *submission*, to the assertion of authority"). We need not decide whether the Commonwealth is correct in its assertion that Sprouse was arrested when he signed the summons, because the facts in the record establish that Sprouse signed the summons *after* he was required to submit to the blood test. Thus, given our Supreme Court's holding in Bristol, the trial court erred in admitting the certificate at trial pursuant to Code § 18.2-268.2, because the purported arrest took place *after* the blood test was administered.

### B. Sufficiency of the Evidence

Sprouse also argues that, absent the certificate of analysis, the evidence is insufficient to prove that he drove under the influence of alcohol. Essentially, Sprouse asks this Court to only consider the legally admitted evidence in its sufficiency analysis. However, when assessing the sufficiency of the evidence on appeal, "we consider all admitted evidence, including illegally admitted evidence." Hargraves v. Commonwealth, 37 Va. App. 299, 312-13, 557 S.E.2d 737, 743

(2002) (citing <u>Lockhart v. Nelson</u>, 488 U.S. 33, 41 (1988)).  In this case, the trial court found the evidence presented, *including the certificate of analysi*s, sufficient to find Sprouse guilty beyond a reasonable doubt.  Regardless of whether the certificate was legally or illegally admitted into evidence, we must consider it in our analysis of the sufficiency of the evidence.  Because Sprouse did not properly frame his sufficiency argument, we do not consider it on appeal.

CONCLUSION

For the foregoing reasons, we hold that the trial court erred in admitting the certificate of analysis pursuant to Code § 18.2-268.2, because Sprouse's blood was drawn for testing before he was arrested.  Therefore, we reverse the decision of the trial court and remand for a new trial, if the Commonwealth be so inclined.

<u>Reversed and remanded.</u>