COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Beales and Senior Judge Clements
Argued by teleconference


TIMOTHY M. BARRETT

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1381-10-3            JUDGE ROBERT P. FRANK
                                               JULY 26, 2011
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT
 *ex rel.* VALERIE JILL RHUDY BARRETT AND
 VALERIE JILL RHUDY BARRETT


                FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                           Brett L. Geisler, Judge

        Timothy M. Barrett, *pro se*.

        Brian R. Jones, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General; Craig M. Burshem, Senior Assistant Attorney
        General; Beth J. Edwards, Regional Senior Assistant General;
        Alice G. Burlinson, Regional Senior Assistant Attorney General,
        on brief), for appellee Department of Social Services/Division of
        Child Support Enforcement.

        Steven R. Minor (Elliott Lawson & Minor, on brief), for appellee
        Valerie Jill Rhudy Barrett.


        Timothy M. Barrett, appellant/father, appeals from the trial court's ruling finding him in

contempt for failing to pay his child support obligation.  He asserts twelve assignments of error.  We

will address them sequentially in the body of this opinion.

        Appellee/mother Valerie Jill Rhudy Barrett filed four assignments of cross-error, as well as

a request for attorney's fees on appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

INTEREST

Appellant contends the trial court erred in awarding interest on the arrearage for several reasons: (1) the provisions of Code § 20-78.2 are premised on an order entered under Code §§ 20-107.1 through 20-109 (here, appellant contends the order was based on a show cause notice under Code § 16.1-278.16, rather than the aforementioned code section); (2) appellee did not ask for interest thus such an award is waived without appellee claiming it; (3) there was no evidence as to the amount of interest nor the amount of arrearage due; (4) the trial court improperly delegated the calculation of interest, a judicial function, to DCSE, thus violating the Separation of Powers Clause of the Virginia Constitution; and (5) appellant's due process rights were violated because he was afforded no opportunity, at trial, to challenge DCSE's computation.

We first note that parts (1), (4), and (5) of this argument are waived because appellant did not include them in his assignment of error.[1] Rule 5A:20(c) states that an appellant's opening brief must contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal).

By motion filed April 29, 2010, appellee asked the Grayson County Circuit Court for an award of attorney's fees and interest on the arrearage.

By order entered June 22, 2010, (Circuit Court No. CJ09-03) the circuit court found:

> That Timothy M. Barrett owes a child support arrearage of
> $9,896.00, principal only (interest on said principal to be

---

[1] The assignment of error states: "The Trial Court erred in allowing interest when neither the Mother nor DCSE asked for it, and when there was no evidence as to the amount of interest, and in allowing DCSE to determine the interest amount."

- 2 -

calculated by the Division) to Valerie Jill Rhudy Barrett as of August 31, 2009, for the period of time from January 1, 2009 through August 31, 2009. The Court has not addressed any arrearage which may have accrued subsequent to August 31, 2009.

By order of the same date, the circuit court awarded pre-judgment interest against appellant, pursuant to Code § 20-78.2, and denied appellee's motion for attorney's fees.

Appellant contends since appellee did not ask for interest, she waived that relief. First, we note appellee, in a motion filed April 29, 2010, asked for interest. Further, appellant's argument fails even had appellee not asked for an award of interest.

Code § 20-78.2 states in part:

> The entry of an order or decree of support for a spouse or for support and maintenance of a child under the provisions of this chapter or §§ 20-107.1 through 20-109 shall constitute a final judgment for any sum or sums in arrears. This order shall also include an amount for interest on the arrearage at the judgment interest rate as established by § 6.1-330.54 unless the obligee, in a writing submitted to the court, waives the collection of interest.

The appellant's contention that unless appellee asks for interest, she waives such an award is incorrect and ignores the plain language of the statute. "The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Further:

> [A]n issue of statutory interpretation is a pure question of law which we review de novo. When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

This statutory interest provision, by its express language, mandates an award of interest unless the obligee (the appellee in this case) waives it. No evidence indicates appellee waived in writing an award of interest.

Additionally, appellant's argument that there was no evidence of the amount of arrearage or the amount of interest fails. The trial court found the arrearage to be $9,896 from January 1, 2009 through August 31, 2009. The rate of interest is the judgment rate of interest as established by Code § 6.1-330.54. See Code § 20-78.2.

Appellant cites Miederhoff v. Miederhoff, 38 Va. App. 366, 564 S.E.2d 156 (2002), to support his argument that no evidence supported the circuit court's interest calculation. In Miederhoff, we reversed the trial court's award of interest and concluded the trial court's award of interest contained no statement of calculation. Id. at 375, 564 S.E.2d at 160.

Appellant refers to that legal proposition in the abstract in an attempt to bolster his argument. However, the facts of Miederhoff must be reviewed to put this statement in context. In that case, the period of arrearage was between January 6, 1992 and April 19, 1996. Id. at 374, 564 S.E.2d at 159. However, the trial court awarded interest beginning June 1, 2000. Id. at 370, 564 S.E.2d at 158. Thus, we concluded, the trial record was insufficient to explain why the trial court only awarded interest from June 1, 2000.

Those facts are easily distinguished from the facts in the instant case. Unlike Miederhoff, the trial court in this case awarded interest from August 31, 2009, a date related to the arrearage.[2]

We therefore conclude the trial court did not err in awarding interest on the arrearage.

---

[2] Appellee did not assign error to the trial court's failure to award interest from January 1, 2009.

## RE-OPENING APPELLEE'S CASE

Appellant next contends the trial court erred by allowing appellee to re-open her case in chief.

> It is well settled that the reopening of a case and the admission of additional evidence after one or both parties have rested is a matter within the discretion of the trial court and its action will not be reviewed unless it affirmatively appears that this discretion has been abused or unless the admission of such additional evidence works surprise or injustice to the other party.

Laughlin v. Rose, Adm'x, 200 Va. 127, 129, 104 S.E.3d 782, 784 (1958).

After appellee rested, appellant moved to strike the evidence, contending, *inter alia*, that appellee did not prove that any arrearage existed. Appellee responded by asking for leave to re-open her case. The trial court allowed appellee to do so.

In support of his argument, appellant cites Joynes v. Payne, 36 Va. App. 401, 551 S.E.2d 10 (2001),[3] which reviews the elements of after-discovered evidence. In Joynes, we noted the "introduction of additional evidence into the record after the commissioner has filed his report is treated as a motion to receive after-discovered evidence." Id. at 418, 551 S.E.2d at 18. However, Joynes is factually significantly different from this case. Joynes asked permission to present additional evidence to the trial court almost one year after the close of evidence. Id. at 417, 551 S.E.2d at 18. Here, the record had not yet been closed. To the contrary, appellee moved to re-open her case immediately after she rested and appellant moved to strike the evidence.

The proper analysis in this case is whether the trial court abused its discretion as set forth in Lebedun v. Commonwealth, 27 Va. App. 697, 501 S.E.2d 427 (1998). In Lebedun, the Commonwealth rested and the defendant moved to strike the evidence, arguing the

---

[3] Appellant incorrectly cited Joynes as 35 Va. App. 386, 545 S.E.2d 561 (2001). That decision was stayed and was later re-heard as the above-styled case.

Commonwealth failed to prove the requisite elements of robbery. The trial court raised the issue of the defendant's identity *sua sponte*. After some discussion and over Lebedun's objection, the trial court allowed the Commonwealth to re-open its case in order to make an in-court identification of Lebedun. Id. at 715, 501 S.E.2d at 436. In affirming the trial court, we held:

> "The order of proof is a matter within the sound discretion of the trial court and [an appellate] court will not reverse the judgment except in very exceptional cases, and, unless it affirmatively appears from the record that this discretion has been abused, [an appellate] court will not disturb the trial court's ruling." Hargraves v. Commonwealth, 219 Va. 604, 608, 248 S.E.2d 814, 817 (1978).

Id.

In Fink v. Higgins Gas and Oil Company, Inc., 203 Va. 86, 122 S.E.2d 539 (1961), the Supreme Court of Virginia found error in the trial court's refusal to allow plaintiff to re-open his case to adduce additional evidence after a motion to strike. In Fink, the plaintiff had asked to re-open in order to introduce some evidence that had been omitted because of an oversight. On appeal, the Court noted that "[t]he trial court has a wide discretion in passing on a motion to reopen, and such discretion is to be liberally exercised in behalf of allowing the whole case to be presented, for the best advancement of the ends of justice." Id. at 89, 122 S.E.2d at 542. The Court also cited 53 Am. Jur., Trial, § 123, p. 109 in stating:

> The exigencies of each particular case go far in controlling the discretion of the court in this regard; although it has been said that the court should not reopen a case except for good reasons and on proper showing, it is not, on the other hand, justified in closing the case until all the evidence, offered in good faith and necessary to the ends of justice, has been heard.

Id. at 90, 122 S.E.2d at 542.

In this case, the trial court had good reason to allow appellee to re-open her case and introduce material evidence. Thus, we affirm the trial court.

- 6 -

SUFFICIENCY

Appellant assigns several errors addressing sufficiency of the evidence: Assignment of error III (the trial court erred in failing to sustain his motion to strike)[4]; assignment of error VI (the trial court erred in finding appellant in contempt based on the evidence properly before the court); assignment of error VII (the trial court erred in finding appellant had willfully refused to pay support); and assignment of error VIII (the trial court erred in finding appellant $9,896 in arrears).

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"In accord with settled standards of appellate review, we view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth, the party prevailing below." Atkins v. Commonwealth, 57 Va. App. 2, 20-21,

---

[4] Appellee contends these arguments are waived because appellant failed to renew his motion to strike. However, in a bench trial such as that in this case, there are many ways to preserve an issue for appeal. See generally McGee v. Commonwealth, 4 Va. App. 317, 357 S.E.2d 738 (1987) (holding that a motion to strike is not the only way to test the sufficiency of evidence to sustain an adverse verdict). In this case, appellant filed written objections to the court's final order and other incidents of trial on June 30, 2010. Appellant's written filing sets out with specificity his objections to the sufficiency of the evidence. Therefore, we will consider these arguments on appeal.

698 S.E.2d 249, 258 (2010) (citing Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004)).

Appellee testified she had not received any child support payments from any source for the months of January to September 2009. Appellant did not cross-examine her. Michael Ribble, a support enforcement specialist with DCSE, testified he was the records custodian for DCSE and had in his possession a payment accounting for this case.[5] Ribble testified DCSE had not received any support payments from appellant since December 9, 2008, a period of eight months, for a total arrearage of $12,501.91.[6] Appellant refused to testify.

Appellant argues that because no child support order was offered into evidence, there is no evidence appellant violated a court order, i.e. without the court order, there is no evidence that he defied any term of that order.

Appellant further maintains there was no evidence that his failure to pay support was "willful." Lastly, he challenges the sufficiency of the evidence as to the amount of arrears, pointing only to appellee's testimony she received no payments during the period in question. This last argument ignores Ribble's testimony that DCSE received no payments during this period.

Appellant correctly states that "willfulness" is not an element of civil contempt. See Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982). In Leisege, the appellant was

---

[5] Appellant challenges the admissibility of Ribble's testimony (assignments of error I and II). However, when determining the sufficiency of the evidence, we consider all admitted evidence, including the evidence appellant here asserts was inadmissible. See Sprouse v. Commonwealth, 53 Va. App. 488, 493, 673 S.E.2d 481, 483 (2009).

[6] The trial court determined the arrearage to be $9,896 by reducing the $12,501.91 because the court modified and reduced child support from $1,511 to $1,374 per month. While the record does not disclose the exact calculations, it appears the trial court multiplied the difference between $1,511 and $1,374 ($137) and multiplied by the number of months from May 1, 2008 until August 31, 2009.

cited with contempt for refusing to obey a child custody order, even though he claimed he did so only to best serve his child's physical and mental needs. The Supreme Court of Virginia held:

> The absence of willfulness does not relieve from civil contempt . . . [c]ivil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance . . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act . . . [a]n act does not cease to be a violation of a law and of a decree merely because it may have been done innocently.[7]

Id.

Here, the trial court, as fact finder, accepted the testimony of appellee and Ribble that appellant failed to pay child support during the period in question. "On appeal, great deference is given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony. Thus, a [circuit] court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." McMillan v. Commonwealth, 277 Va. 11, 18, 671 S.E.2d 396, 399 (2009) (quoting Young v. Commonwealth, 275 Va. 587, 590-91, 659 S.E.2d 308, 310 (2008)).

Furthermore, even if intent to violate the support order was required, the trial court could reasonably infer appellant had such an intent. Appellant did not cross-examine appellee after she testified she had not received support over the period in question. Nor would he testify on his own behalf. He offered no explanation why he failed to pay support.

---

[7] To the extent appellant argues the trial court erred by employing the wrong standard, i.e. willfulness, we will not address the issue, as it is not encompassed in his assignment of error. Appellant's assignment of error states, "The Trial Court erred in finding the Father to have 'willfully' refused to pay support when such was not supported by the evidence." Rule 5A:20(c) holds that the issue is waived. See Winston, 51 Va. App. at 82, 654 S.E.2d at 345 (holding that because appellant failed to include an argument in his question presented (now assignment of error), the Court would not address it on appeal; see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to address an issue on appeal because it was not expressly stated in the questions presented (now assignments of error)).

"In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citing Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986)). "The offending party then has the burden of proving justification for his or her failure to comply." Id. In this case, appellee's evidence established that appellant violated the court's child support order, and appellant failed to demonstrate any justification for his failure to obey the order. In addition, nothing in this record suggests that appellant attempted to deliver the child support payments to appellee, but the delivery somehow went astray.

We therefore conclude the evidence is sufficient to prove civil contempt.

BASIS OF CONTEMPT

Appellant argues he cannot be held in contempt for violating a support award which is premised on a custody award, both of which violate the constitution and Virginia law. Appellant presents no argument as to his constitutional claims. Rule 5A:20(e) requires the brief to contain "the standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Because appellant failed to do so, we decline to address his constitutional claims.

Appellant's argument, in his brief, only contends that because the underlying support order (Barrett v. Commonwealth, Record No. 1382-10-3, this day decided), as well as the custody order (Barrett v. Barrett, Record No. 0753-10-3, Va. Ct. App. Jan. 25, 2011), are under appeal, a reversal of either order by this Court requires reversal of the contempt citation. We decline to address this argument, as it is not included in appellant's assignment of error.[8]

---

[8] The assignment of error states: "The Trial Court erred in premising its contempt award on a support award, which is, in turn, premised on a Custody Decision that are both in violation of the Constitution and Virginia law and the facts of their respective cases."

- 10 -

See Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004) (noting that arguments not contained in the questions presented (now assignments of error) will not be considered).

EVIDENTIARY ISSUES

Appellant raises two issues, both relating to the admissibility of evidence. He contends the trial court erred in admitting: (1) the testimony of Michael Ribble, a support enforcement specialist with DCSE, because it was hearsay and Ribble lacked personal knowledge of the DCSE records; and (2) appellee's testimony concerning the contents of the child support order and DCSE records because she was not the custodian of the records, nor was the support order certified.

Ribble testified he was the records custodian for DCSE and that he had printed and was in possession of the support payment accounting in the instant case. Over appellant's hearsay objection, Ribble testified DCSE had received no support payments from appellant since December 9, 2008, a period of eight months, resulting in an arrearage of $12,501.91.

On cross-examination, Ribble testified he had no personal knowledge of the contents of the DCSE documents he relied upon and did not know whether the figures were accurate. However, Ribble stated the documents were certified and kept in the regular course of business.[9]

Appellee testified she had not received any child support payments from appellant for the months of January through September 2009. She further indicated she had received no child support from any source during that time period.

When allowed to re-open her case, appellee testified she had copies of the support order and the DCSE accounting and asked the court to receive the two documents into evidence. She

---

[9] We note that it is not necessary for Ribble to introduce the actual DCSE accounting. "A person who can verify that the business records are authentic can present the evidence by testifying about what he saw displayed or by presenting a printed copy of the display. Either form is admissible as a business records exception to the hearsay rule." Lee v. Commonwealth, 28 Va. App. 571, 577, 507 S.E.2d 629, 632 (1998).

admitted she was not the custodian of those documents and had no personal knowledge as to their contents or accuracy. Further, she indicated the documents were not certified. The court stated it would receive the two documents into evidence yet never physically received them nor were they made part of the record.

Appellee argues that Ribble's testimony was admissible pursuant to the business records exception to the hearsay rule. We agree.

In reviewing a challenge to the admissibility of evidence, we apply an abuse of discretion standard of review. Ortiz v. Commonwealth, 276 Va. 705, 712, 667 S.E.2d 751, 756 (2008).

> "[H]earsay evidence is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule," and "the party attempting to introduce a hearsay statement has the burden of showing the statement falls within one of the exceptions." Robinson v. Commonwealth, 258 Va. 3, 6, 516 S.E.2d 475, 476-77 (1999). "As a recognized exception to the hearsay rule, [this Court has] adopted the modern Shopbook Rule, allowing in given cases the admission into evidence of verified regular entries without requiring proof from the original observers or record keepers." Neeley v. Johnson, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975). "In many cases, . . . practical necessity requires the admission of written factual evidence based on considerations other than the personal knowledge of the recorder, provided there is a circumstantial guarantee of trustworthiness." "Automatic" Sprinkler Corp. of America v. Coley & Petersen, Inc., 219 Va. 781, 792, 250 S.E.2d 765, 773 (1979). "The trustworthiness or reliability of the records is guaranteed by the regularity of their preparation and the fact that the records are relied upon in the transaction of business by the person or entitles for which they are kept" and they are "kept in the ordinary course of business made contemporaneously with the event by persons having the duty to keep a true record." Id. at 793, 250 S.E.2d at 773. The final test "is whether the documents sought to be introduced are the type of records which are relied upon by those who prepare them or for whom they are prepared." Id.

McDowell v. Commonwealth, 273 Va. 431, 434-35, 641 S.E.2d 507, 508-09 (2007) (alteration in original) (other citation omitted).

Appellee laid the proper foundation for the admissibility of the DCSE accounting. Ribble testified he was the custodian of the records and that the records were kept in the regular course of business. Clearly, DCSE had a duty to maintain the accounting of support payments made to it. See Code § 20-60.5(c).

Appellant argues the business records exception does not apply since Ribble had no personal knowledge of the DCSE records. Under the modern Shopbook Rule, such knowledge is not required.

> In certain cases, where verification of the recorded facts is not possible through the personal knowledge of the record keeper, practical necessity nevertheless requires admission of recorded evidence which has a circumstantial guarantee of trustworthiness; this guarantee is provided where evidence shows the regularity of the preparation of the records and reliance on them by their preparers or those for whom they are prepared.

Frye v. Commonwealth, 231 Va. 370, 387-88, 345 S.E.2d 267, 279-80 (1986).

Code § 63.2-1901 states in part:

> It is the purpose of this chapter to promote the efficient and accurate collection, accounting and receipt of support for financially dependent children and their custodians, and to further the effective and timely enforcement of such support while ensuring that all functions in the Department are appropriate or necessary to comply with applicable federal law.

DCSE relies on these records to fulfill its statutory responsibility to enforce and collect child support obligations. See Code § 63.2-1904(4). Without maintaining these records it could not enforce and collect child support.

Having found Ribble's testimony was properly admitted, we find that appellee's testimony concerning the DCSE records and the 2007 child support order, if erroneously admitted, was harmless. The same evidence was before the court through Ribble's testimony. Ribble testified that appellant had a support obligation, that appellant was eight months

- 13 -

delinquent on his obligation, and that appellant had an arrearage of more than $12,000. Based on

Ribble's testimony alone, the court had sufficient evidence to find appellant in contempt.

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (omissions in

original) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)). Applying this test,

we can say with assurance that the trial court's judgment was not influenced by appellee's

testimony concerning the DCSE record.

## DCSE

Appellant next assigns error to the trial court allowing DCSE to participate in the

contempt proceeding, arguing DCSE was a third party petitioner under Code § 63.2-1904,[10] yet

never moved to intervene in that contempt proceeding.

Appellant bases his argument on several premises: (1) In a prior matter between the

parties, another judge ruled that DCSE was not allowed to participate in that matter because it

had not intervened and because that ruling was not appealed, it became the "law of the case";

(2) Code § 63.2-1904 provides no authority for DCSE to participate because that statute is

limited to "administrative support remedies"; (3) even though DCSE has participated in other

support proceedings involving the parties, DCSE must move to intervene in each proceeding;

and (4) if appellee is entitled to DCSE's assistance, appellant asserts he is equally entitled to the

---

[10] The style of the contempt proceeding is Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement *ex rel*. Valerie Jill Rhudy Barrett v. Timothy M. Barrett.

- 14 -

same assistance. Appellant argues that, because now he is entitled to child support from appellee, the failure of DCSE to assist appellant violates his equal protection rights under the Fourteenth Amendment of the United States Constitution.

The parties were divorced by final decree of the Circuit Court for the City of Virginia Beach on August 16, 2002 which, *inter alia*, awarded child support to appellee. By order entered March 30, 2005, the Circuit Court for Grayson County ordered appellant to pay $1,950 per month child support. Appellant appealed this order to this Court. In Barrett v. Barrett, No. 0992-05-3, 2005 Va. App. LEXIS 458 (Va. Ct. App. Nov. 15, 2005), we reversed that child support order and remanded to the trial court.

On remand, DCSE was made a party to the case and by order entered June 4, 2007, the trial court directed appellant to pay $1,511 per month child support. Again, appellant appealed to this Court challenging, *inter alia*, the intervention of DCSE, claiming as he does now, that the initial trial judge denied DCSE's motion to intervene. We found no error, ruling that the initial trial court did not factually exclude DCSE from participating. Barrett v. Commonwealth, No. 1332-07-3, 2008 Va. App. LEXIS 210 (Va. Ct. App. Apr. 29, 2008) (hereafter Barrett I).

On February 11, 2009, appellee filed a show cause motion in Grayson County Juvenile and Domestic Relations District Court to enforce the June 4, 2007 support order. Appellant was served with a notice that listed DCSE as the party petitioner. The show cause was dismissed without prejudice on March 24, 2009. Appellee appealed to the circuit court. DCSE participated in the appeal. By order entered June 22, 2010 (Case No. CJ09-04), the trial court found appellant in contempt for willfully not paying child support from January 1, 2009 through August 31, 2009. This order is now before us on appeal.

Appellee notes that DCSE was a party to Barrett I. This Court found no error in the trial court allowing DCSE to intervene. Essentially, appellant's argument collaterally attacks this

- 15 -

ruling. This Court in Barrett I approved DCSE's participation in the original child support case. Because the contempt conviction before us is a derivative of that child support order, DCSE's proper participation is the law of the case, as established in Barrett I.[11]

Appellant's first contention is resolved by our decision in Barrett I. While he contends that the initial trial judge found DCSE could not participate because it had not intervened, we held the trial court never entered an order excluding DCSE from that case. Appellant's argument is based on an incorrect factual predicate. We therefore reject it.

Appellant's second contention is that Code § 63.2-1904 only allows DCSE participation in administrative support remedies. Again, this issue has been resolved by our decision in Jones v. Div. of Child Support Enforce, 19 Va. App. 184, 450 S.E.2d 172 (1994). There, we analyzed Code § 63.2-1904 as to whether its terms limit DCSE's participation to "administrative support remedies." We first noted that the heading in Code § 63.2-1904 (then Code § 63.1-350) "administrative support remedies available for individuals not receiving public assistance," is not relevant to determine the scope of DCSE's representation. Id. at 189, 450 S.E.2d at 175. Jones argued that language does not permit DCSE to participate in court proceedings, only administrative proceedings. We held, "It is well-settled . . . that the words of the statute, not its heading, carry the force of law." Id.

Thus, we must look to the words of the statute. Code § 63.2-1904 lists a number of services provided by DCSE and provided, "these services may include but are not limited to: . . . ."

_____

[11] "Unpublished memorandum opinions of this Court are not to be cited or relied upon as precedent except for the purpose of establishing *res judicata*, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987). Here, it is the law of the case since appellant did not appeal that ruling. See Covel v. Town of Vienna, 280 Va. 151, 163, 694 S.E.2d 609, 616 (2010) ("[A] legal decision . . . unchallenged in a subsequent appeal when the opportunity to do so existed[] becomes the law of the case . . . and the parties are deemed to have waived the right to challenge that decision at a later time.").

Subsection 4 provides: "Enforcing and collecting child support obligations; however, the only support in arrears that may be enforced by administrative action is (i) arrearages accrued or accruing under a court order or decree or (ii) arrearages on an administrative order accruing from the entry of such administrative order." Code § 63.2-1904(4).

By its plain language, DCSE may enforce and collect child support obligations. The language of the next phrase is a limitation on enforcement by administrative action. It does not apply to judicial enforcement, as we have in the instant case. For these reasons, appellant's contention fails.

Appellant next maintains DCSE must move to intervene in each support proceeding. However, he offers no legal authority that requires DCSE to move to intervene in a support proceeding. "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). Thus, this argument fails as well.

Lastly, appellant contends he was denied services of DCSE, thus violating his equal protection rights. However, appellee correctly states that the record does not indicate appellant requested those services.

Appellant has not shown any constitutional right has been violated since no evidence indicates he had applied for DCSE services and was denied those services. As the United States Supreme Court stated in United States v. Hays, 515 U.S. 737, 743 (1995), "We have also made clear that 'it is the burden of the party who seeks the exercise of jurisdiction in his favor,' McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936), 'clearly to allege facts

- 17 -

demonstrating that he is a proper party to invoke judicial resolution of the dispute.' Warth v.

Seldin, 422 U.S. 490, 518 (1975)." (Other citation omitted).

Citing Hays, the Supreme Court of Virginia observed in Wilkins v. West, 264 Va. 447,

571 S.E.2d 100 (2002),

> The Supreme Court concluded that the plaintiffs did not have
> standing to maintain the challenge because standing requires the
> plaintiff to show that he or she has suffered an "'injury in fact' – an
> invasion of a legally protected interest that is (a) concrete and
> particularized, and (b) actual or imminent, not conjectural or
> hypothetical." Hays, 515 U.S. at 743 (quoting Lujan v. Defenders
> of Wildlife, 504 U.S. 555, 560 (1992)). And, in an equal
> protection claim, only "'those persons who are personally denied
> equal treatment' by the challenging discriminatory conduct," suffer
> such injury. Hays, 515 U.S. at 743-44 (citations omitted).

West, 264 Va. at 459, 571 S.E.2d at 106.

Failing to show any injury, appellant's equal protection argument fails. We therefore

conclude the trial court did not err in allowing DCSE's participation.

<u>RECORD OF THE MODIFICATION CASE</u>

Appellant argues the trial court erred in admitting documents and records from the

modification case into the record of the contempt proceedings. It is apparent that appellant

desires to keep out of evidence the child support order entered June 4, 2007, which he asked to

modify in Barrett v. Barrett, Circuit Court case CJ09-03, which is also before this Court.

This argument contains multiple sub-parts: (1) The contempt and modification

proceedings were two distinct matters before the trial court, with two separate case numbers and

two separate statements of facts, the trial court having rejected appellee's motion to consolidate;

(2) the trial court violated appellant's due process rights by not allowing him to present argument

concerning the trial court's order resolving disputes as to the contents of the record; (3) by

allowing appellee to "modify" the evidence in the contempt proceeding appellant's due process

and equal protection rights were violated; and (4) by allowing the addition of the contested documents, the trial court violated Rule 5A:7(b) as to the contents of the appellate record.

We first note that sub-parts (2) and (3) are not included in this assignment of error which states: "The trial court erred in allowing the Mother to, in effect, add to the Record in this case evidence from another case." Rule 5A:20(c) requires us to hold that these issues are waived, because they are not part of appellant's assignments of error. See Winston, 51 Va. App. at 82, 654 S.E.2d at 345 (holding that because an appellant did not include an argument in his questions presented, (now assignments of error) the Court would not address it on appeal).

Appellant's issues presented in his sub-parts (1) and (4) are essentially the same, and they will be addressed simultaneously. At the outset, we note that appellant offered no principles of law and authorities, nor sets forth the standard of review, all as required by Rule 5A:20(e), to enable this Court to determine whether the trial court erred in considering certain documents from the modification proceedings. Other than a bare assertion that the trial court violated Rule 5A:7, appellant does not explain how the Rule was violated.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Jones, 51 Va. App. at 734, 660 S.E.2d at 345 (quoting Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239). "The 'throw everything at the wall and hope something sticks' approach utilized in this appeal is as unappreciated as it is ineffective." Fadness v. Fadness, 52 Va. App. 833, 850-51, 667 S.E.2d 857, 866 (2008). If appellant was unable to find legal support for any of his multiple assignments of error, or their numerous sub-parts, he should not have included those issues in his brief. Id. Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. Id. If appellant believed the trial court erred, it was his duty to present that

error to us with legal authority to support his contention. Because appellant failed to do so, and because that failure is significant, he has waived his right to have this issue reviewed by this Court. See Moore v. Commonwealth, 276 Va. 747, 754, 668 S.E.2d 150, 154 (2008).

## RETROACTIVITY OF MODIFICATION

Appellee, assigning cross-error, further contends the trial court erred in modifying the 2007 support order retroactive to May 1, 2008, when she was not given notice of the motion until January 28, 2009. We agree with appellee.

Appellant filed a motion to modify child support on May 1, 2008. The motion was not served on appellee until January 28, 2009. In its June 22, 2010 order, the trial court modified appellant's child support obligation, reducing the amount to $1,374 per month. The trial court made its order retroactive to May 1, 2008, the date the motion to amend was filed.

Because the proceeding was to modify child support, as opposed to an initial determination of child support, Code § 20-108[12] controls. That statute states in part:

> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party.

Furthermore, we have previously held that under this statute, when modifying an existing support order, a trial court may not relieve a party of any child support obligation that is already in arrears.

> A trial court may not retroactively modify a child support decree to cancel a support arrearage or to relieve a parent of an accrued support obligation. Cofer v. Cofer, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); Taylor v. Taylor, 10 Va. App. 681, 683-84, 394 S.E.2d 864, 866 (1990). Past due installments

---

[12] Code § 20-108.1(B) which addresses initial child support orders states in part: "Liability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent . . . ."

> become vested and are not subject to change. Taylor, 10 Va. App.
> at 683, 394 S.E.2d at 865-66. A court may only modify a support
> order to be effective prospectively. Id. The order may be made
> effective "with respect to any period during which there is a
> pending petition for modification, but only from the date that
> notice of such petition has been given to the responding party."
> Code § 20-108.

Bennett v. Commonwealth, 22 Va. App. 684, 696, 472 S.E.2d 668, 674 (1996).

By its own terms, Code § 20-108 speaks of modification of an existing support order. The trial court had the authority to modify the support order retroactive to January 28, 2009 or later. We conclude the trial court erred in modifying child support retroactive to May 1, 2008, when the petition was filed.

Finding error, we remand to the trial court for a determination of the effective date of the modification, which date can be no earlier than January 28, 2009.[13]

### CREDIT FOR OVERPAYMENT

Appellee next assigns as cross-error the trial court's reimbursement to appellant of "overpayments" by reducing appellant's arrearage for the first part of 2009. She asserts the trial court credited appellant's "overpayments" for the first nine months of 2009.

It appears this argument is subsumed in appellee's successful retroactivity argument. The trial court erred in making the modification retroactive to May 1, 2008. However, under Code § 20-108, the trial court, in its discretion, could have modified support effective January 28, 2009, the date that appellee received notice. Any retroactive effective date authorized by statute is not awarding appellant a "credit" or "reimbursement." Appellee correctly asserts that a "trial court has no statutory or inherent authority to order restitution of child support paid pursuant to

---

[13] Under Code § 20-108, the legislature gave the trial court the discretion in modifying support during the pendency of the petition. Cirrito, 44 Va. App. at 309-10, 605 S.E.2d at 279.

an erroneous order." See Nordstrom v. Nordstrom, 50 Va. App. 257, 266-67, 649 S.E.2d 200, 205 (2007) (quoting Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997)).

However, this statement of the law has no relevance where a statute specifically authorizes a retroactive effective date for modification of child support. By its very terms, the statute allows a trial court to reach back in time, the effect of which is to modify an arrearage.

We find no merit with appellee's argument other than the date of retroactivity. Further, this argument is resolved with our resolution of the retroactivity argument in appellee's favor.

### SUSPENSION OF JUDGMENT

As her next assignment of cross-error, appellee contends the trial court erred in suspending judgment during appeal and by establishing an insufficient appeal bond. We agree. This matter has been resolved by this Court's order of March 11, 2011, in which we remanded this issue to the circuit court to increase appellant's appeal bond and the suspension bond, pursuant to Code § 8.01-676.1(A) and (C).

### ATTORNEY FEES

Appellee assigns cross-error to the trial court's failure to award her attorney's fees, arguing Code § 20-78.2[14] allows the trial court to award attorney's fees in a child support order. For the purpose of this analysis, we assume without deciding that Code § 20-78.2 applies to contempt proceedings. The trial court denied appellee an award of attorney's fees because appellee was proceeding *pro se* until she obtained counsel who charged no fee. Appellee argues the language of the statute creates a presumption that attorney's fees will be awarded unless "special circumstances would render such an award unjust." For this proposition, appellee relies upon Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400 (1968).

---

[14] Because appellee only relies on Code § 20-78.2, we do not address whether Code §§ 16.1-278.19, 20-99(5), or 20-79(b) govern an award of attorney's fees at trial.

Appellee concludes that the trial court's reasons for denying attorney's fees were not "special circumstances."

Newman is distinguished on its facts. In Newman, petitioners in a class action sued to enjoin discrimination pursuant to Title II of the Civil Rights Act. In addressing the attorney's fee provision under 42 U.S.C. § 2000(a)-3(b), the Supreme Court reviewed the Civil Rights Act, noting that enforcement would often be instituted by private litigation, acting as a "private attorney general," advancing public interest. 390 U.S. at 402. The attorney's fee provision encouraged "individuals injured by racial discrimination to seek judicial relief under Title II." Id. In this context, the Supreme Court concluded, "It follows that one who succeeds in obtaining an injunction under that Title should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id.

Appellee's argument misinterpreted Code § 20-78.2. By use of the word "may," the statute creates no presumption, but only allows the trial court to do so based on the circumstances of each case. As the Supreme Court of Virginia has previously stated,

> [W]hile the word "shall" is primarily mandatory in effect, and "may" is primarily permissive in effect, "courts, in endeavoring to arrive at the meaning of written language, whether used in a will, a contract, or a statute, will construe 'may' and 'shall' as permissive or mandatory in accordance with the subject matter and context."

TM Delmarva Power, L.L.C. v. NCP of Virginia, L.L.C., 263 Va. 116, 121, 557 S.E.2d 199, 201 (2002) (quoting Pettus v. Hendricks, 113 Va. 326, 330, 74 S.E. 191, 193 (1912)).

Under Code § 20-78.2 "an award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees is reasonableness under all the circumstances." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Further, appellee cites cases from other jurisdictions, namely, <u>Henriquez v. Henriquez</u>, 992 A.2d 446 (Md. 2010), for the legal concept that *pro bono* representation can give rise to an award of attorneys' fees. In <u>Henriquez</u>, the Court of Appeals of Maryland upheld an award of attorneys' fees to the prevailing party who had *pro bono* counsel. <u>Id.</u> at 456. In interpreting Maryland Code Annotated Family Law § 12-103 (2006), which granted the trial court discretion to award attorneys' fees in divorce proceedings, the Maryland court found that statute "permits" an award of counsel fees when the prevailing party has obtained the services of *pro bono* counsel. <u>Id.</u>

This same proposition is addressed in <u>Brinn v. Tidewater Transp. Dist. Comm'n</u>, 242 F.3d 227 (4th Cir. 2001), which simply made it within a trial court's discretion to award attorney's fees for a *pro bono* representation.

None of the cases cited by appellee mandate such an award. Because the matter is not before us, we do not address whether the trial court has the authority to award such fees to *pro bono* counsel. As stated earlier, we only determine if the trial court abused its discretion.

Based on the circumstances of this case, we conclude the trial court did not abuse its discretion in declining an award of attorney's fees.

APPELLATE ATTORNEY FEES

Finally, appellee asks for her attorney's fees incurred in this appeal. She contends appellant's conduct in this matter "has served only to add to the complexity, expense and delay of this litigation, with no effect on the outcome." We agree and find that appellant's appeal has no merit as to all assignments of error. We therefore find such an award is appropriate under Code § 16.1-278.19.

Accordingly, we direct the trial court on remand to award wife the reasonable attorney's fees she incurred in defending this appeal, as well as any attorney's fees incurred by appellee on

remand to determine such fees.  See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996); Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).

Such award must be "based on the relative financial ability of the parties."  Code § 16.1-278.19.[15]  See Lynchburg Division of Social Services v. Cook, 276 Va. 465, 666 S.E.2d 361 (2008).

CONCLUSION

The trial court erred in modifying the 2007 support order retroactive to May 1, 2008.  We therefore remand that matter for the trial court to determine the appropriate date of retroactivity, which can be no earlier than January 28, 2009.  We affirm the trial court on all other issues.

Affirmed in part,<br/>reversed in part,<br/>and remanded.

---

[15] We note that while the original child support was established by a circuit court order, the subject of this appeal, contempt, was originated and initially tried in juvenile and domestic relations district court.  Title 16.1 applies to the contempt proceedings in juvenile and domestic relations district court and in the appeal to circuit court.  See Code § 16.1-296(I).